```
 1 | HOOD & REED
   | 18141 Beach Blvd., Suite 390
 2 | Huntington Beach, CA  92648-5611
   | Attn:  James T. Reed, Jr., Bar No. 116933
 3 |
 4 | (714) 842-6837
 5 | Attorneys for Plaintiff
   | BANK OF THE WEST
 6 |
 7 |
 8 |              UNITED STATES DISTRICT COURT
 9 |          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |                  SAN FRANCISCO DIVISION
11 |
12 | BANK OF THE WEST, a California ) CASE NO.   CV 07 6469
   | corporation,                   )
13 |                                ) COMPLAINT FOR MONEY
   |             Plaintiff,         )
14 |                                ) 1. Breach of Equipment Financing
   | vs.                            )    Agreement;
15 |                                ) 2. Money Lent;
   | RMA LUMBER, INC., a Virginia   ) 3. Claim and Delivery
16 | corporation; ROBIN M. ALLEN, an) 4. Guaranty; and
   | individual                     ) 5. Money Lent
17 |                                )
   |                                )
18 |             Defendants.        )
   | _____)
19 |
20 |
21 |      Plaintiff complains and alleges as follows:
                       JURISDICTION AND VENUE
22 |
23 |      1.   Jurisdiction of this action is predicated on diversity
24 | of citizenship of the parties pursuant to 28 U.S.C. § 1332 because
25 | there is complete diversity between the plaintiff and defendants and
26 | the amount in controversy exceeds $75,000.00, exclusive of interest
27 | and costs as more fully alleged hereinbelow.
28 |
```

1  2.   That at all times herein mentioned, plaintiff, Bank of
the West, was and is a California corporation duly organized and
existing under and by virtue of the laws of the State of California
and exempt from the usury provisions of Article XV, Section 1 of the
California Constitution.

3.   The defendant RMA Lumber, Inc. is a Virginia
Corporation, with its principal place of business in Dillwyn,
Buckingham County, Virginia, and entered into the equipment financing
agreement referred to hereinbelow.

4.   The defendant Robin M. Allen is a citizen and resident
of the State of Virginia and guaranteed the obligations of RMA Lumber,
Inc. under the equipment financing agreement.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §
1391(a)(2).

### FIRST CLAIM FOR RELIEF

(Breach of Equipment Financing Agreement)

(Against Defendant RMA LUMBER, INC., a Virginia Corporation)

6.   On or about May 23, 2006, defendant RMA Lumber, Inc.
made, executed and delivered to plaintiff in San Francisco,
California, an equipment financing agreement in writing (the
"Agreement" herein). A true and correct copy of the Agreement is
attached as Exhibit 1 and incorporated by this reference.

7.   RMA Lumber, Inc. defaulted under the terms of the
Agreement by failing to make the payment due September 1, 2007 and
each subsequent payment. As a result, plaintiff has declared a
default under the Agreement and accelerated the balance due.

8.   That there is now due, owing and payable to plaintiff
in accordance with the terms of the Agreement, the principal sum of

1  $469,760.64, accrued interest to December 7, 2007 of $10,077.59 and
2  late charges of $10,340.20 with interest accruing at the rate of
3  $102.83 per day from December 8, 2007 until paid in full or entry of
4  judgment.
5       9.   That in the Agreement, it is provided that RMA Lumber,
6  Inc. agreed to pay reasonable attorneys' fees incurred in collecting
7  any amount due under the Agreement; that plaintiff has employed the
8  law offices of Hood & Reed, licensed and practicing attorneys in the
9  State of California, for the purpose of instituting and prosecuting
10 this action.
11      10.  That plaintiff has duly performed all of the conditions
12 precedent on its part required to be performed.

### SECOND CLAIM FOR RELIEF
(Money Due)

(Against Defendant RMA LUMBER, INC., a Virginia Corporation)

16      11.  Plaintiff repeats and realleges each and every
17 allegation contained in paragraphs 1 through 10, inclusive, of its
18 first claim for relief, and by reference thereto incorporates the same
19 herein as though more fully set forth.
20      12   That within four years last past, RMA Lumber, Inc.
21 became indebted to plaintiff in the sum of $490,178.43 for money lent
22 to defendants, and each of them, by plaintiff at defendants' request.
23      13.  That no part of said sum has been paid, although
24 payment has been demanded, and there is now due, owing and unpaid to
25 plaintiff the sum of $490,178.43, plus interest thereon at the legal
26 rate of interest from December 7, 2007, until paid in full.

### THIRD CLAIM FOR RELIEF
(Recovery of Personal Property [Claim & Delivery])

1  (Against Defendant RMA LUMBER, INC., a Virginia Corporation, Inc.,
2  a California, and Robin M. Allen)
3      14.  Plaintiff repeats and realleges each and every
4  allegation set forth in paragraphs 1 through 10 of the Complaint as
5  though set forth in full.
6      15.  The Agreement provides that upon default plaintiff is
7  entitled to take possession and dispose of the equipment identified
8  therein, which consists of the items of equipment listed in Exhibit A
9  to the Agreement.
10     16.  Plaintiff is informed and believes that defendants, and
11 each of them, are now in possession of the equipment and that
12 plaintiff is entitled to immediate possession of all of its equipment.
13     17.  Plaintiff is informed and believes that the current
14 fair market value of the equipment is less than the principal amount
15 of the debt due.
16     18.  Plaintiff is informed and believes and therefore
17 alleges that the equipment has not been taken for a tax, assessment or
18 fine pursuant to a statute or seized under an execution against
19 plaintiff's property.
20              FOURTH CLAIM FOR RELIEF
21                    (Guaranty)
22         (Against Defendant Robin M. Allen)
23     19.  Plaintiff repeats and realleges each and every
24 allegation contained in paragraphs 1 through 10, inclusive, of its
25 first claim for relief, and by reference thereto incorporates the same
26 herein as though more fully set forth.
27     20.  That in order to induce plaintiff to extend or grant
28 credit in the form of the Agreement to defendant RMA Lumber, Inc.,

COMPLAINT FOR MONEY

4

1  hereinafter referred to as Debtor", Robin M. Allen, hereinafter
2  referred to as "Guarantor", executed for valuable consideration, in
3  writing, and delivered to plaintiff in San Francisco, California, her
4  guaranty agreement, whereby said Guarantor agreed to pay to plaintiff
5  the amount equal to all indebtedness of said Debtor to plaintiff.  A
6  true and correct copy of the guaranty agreement is attached hereto as
7  Exhibit 2 and incorporated herein by reference (the Guaranty).

8      21.  The Agreement (Exhibit 1 hereto) constitutes such
9  indebtedness as defined in said Guaranty and was granted to Debtor in
10 reliance, in part, upon the obligations of Guarantor, as evidenced by
11 said Guaranty.  Said Guaranty also provides that Guarantor agrees
12 without demand to pay and reimburse plaintiff for all costs,
13 attorneys' fees and other expenses which it expends or incurs in the
14 making and collecting of said indebtedness and under the Guaranty.

15     22.  That plaintiff has made demand, or by this complaint
16 makes demand, on Guarantor for payment of the obligation under the
17 Agreement sued upon herein.  That Guarantor has failed, refused and
18 neglected to pay said sum or any sum and there remains due and owing
19 to plaintiff the sum of $490,178.43, plus interest and late charges
20 thereon and costs of suit and reasonable attorneys' fees.

21     23.  That plaintiff has duly performed all the conditions
22 precedent on its part required to be performed.

23              FIFTH CLAIM FOR RELIEF
24                  (Money Lent)
25         (Against Defendant Robin M. Allen)

26     24.  Plaintiff repeats and realleges each and every
27 allegation contained in paragraphs 1 through 10, inclusive, of its
28 first claim for relief, and each and every allegation contained in

COMPLAINT FOR MONEY                    5

paragraphs 20 through 23, inclusive, of its fourth claim for relief, and by reference thereto incorporates the same herein as though more fully set forth, and by reference thereto incorporates the same herein as though more fully set forth.

25. That within four years last past, Defendants became indebted to plaintiff in the sum of $490,178.43 for money lent to defendants, and each of them, by plaintiff at defendants' request.

26. That no part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid to plaintiff the sum of $490,178.43, plus interest thereon at the legal rate of interest from December 7, 2007 until paid in full.

WHEREFORE, Plaintiff prays for judgment on the defendants, and each of them, jointly and severally as to all causes of action as follows:

AS TO THE FIRST CLAIM FOR RELIEF:

1. For the sum of $490,178.43, plus interest thereon at the rate provided in the Agreement from December 7, 2007, until paid in full.

AS TO THE SECOND CLAIM FOR RELIEF:

2. For the sum of $490,178.43, plus interest thereon at the legal rate of interest from December 7, 2007, until paid in full.

AS TO THE THIRD CLAIM FOR RELIEF:

3. For judgment that the equipment financing agreement referred to be foreclosed and judgment for possession of the equipment by plaintiff and/or sale and liquidation of the equipment in accordance with the applicable California law, and that the proceeds of the sale be applied to payment of amounts due plaintiff; that the Court determine that defendants, and each of them, are personally

1 | liable for payment of the sum secured by said Agreement, and that an
2 | order for deficiency judgment be entered pursuant to proceedings
3 | prescribed by law; and that plaintiff or any other party to this
4 | action may become a purchaser at the foreclosure sale, whether by
5 | public or private sale;

      AS TO THE FOURTH CLAIM FOR RELIEF:

      4.   For the principal sum of $490,178.43, plus interest thereon from December 7, 20070 at the rate provided in the equipment financing agreement and guaranty until paid in full.

      AS TO THE FIFTH CLAIM FOR RELIEF:

      5.   For the principal sum of $490,178.43, plus interest thereon at the legal rate of interest from December 7, 2007 until paid in full.

      AS TO ALL CLAIMS FOR RELIEF:

      6.   For reasonable attorneys' fees;

      7.   For costs of suit herein incurred; and

      8.   For such other and further relief as this Honorable Court may deem just and proper.

HOOD & REED

Dated: December 17, 2007    By: _____
                                 JAMES T. REED, JR.
                                 Attorneys for Plaintiff
                                 BANK OF THE WEST

(JTR:amc)
COMPLAIN.01

VERIFICATION BY PARTY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

<u>Bank of the West v. RMA LUMBER, INC., a Virginia Corporation</u>, et al.

I am a Vice President of plaintiff, Bank of the West, in the above-entitled action; I have read the foregoing Complaint For Money, and know the contents thereof; and I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe them to be true.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on December 17, 2007 at Walnut Creek, California.

_____
MELVIN ARTERBERRY, JR.
Declarant

Exhibit 1

Rev 1 04/20/2006

**Trinity, A Division of Bank of the West**
475 Sansome Street, 19th Floor, San Francisco, CA 94111-3112
Telephone: 800-841-4433   Fax: 415-956-5187

EQUIPMENT FINANCING AGREEMENT NO.: 0838870-001

| BORROWER: | RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936 | PHONE: | 434-983-3743 |

| SUPPLIER: | PIONEER MACHINERY LLC
3239 SUNSET BLVD.
WEST COLUMBIA, SC 29169 | PHONE: | 803-936-9990 |

EQUIPMENT:            See Exhibit A attached and made a part hereof.

**PAYMENT TERMS:**
Principal Amount:                              $555,350.00
Commencement Date of Payments:                 6-1-06    (To be filled in per Paragraph 2 below)
Financing Term (number of months):             60, plus any extensions and renewal periods
Number of Monthly Payments due in advance:     0 (First and Last: 0 )
Monthly Payment amount:                        $11,390.23, tax exempt
Security Deposit, if any:                      N/A

-----------------------------TERMS AND CONDITIONS-----------------------------

This equipment financing agreement (herein referred to as the "Agreement") has been written in plain English. The words "you" and "your" herein refer to the Borrower listed above. The words "we", "us" and "our" refer to Trinity, A Division of Bank of the West as lender. All other capitalized terms used herein shall have the meaning ascribed to them as listed above.

1. **Purpose of Financing.** This transaction is entered into for the purpose of financing your purchase of certain equipment (and applicable software, if any) from the Supplier, as described on the attached Exhibit A which is made a part of this Agreement. Such equipment and software will herein be referred to as the "Equipment". You hereby authorize Supplier to provide us with the invoice for the Equipment and you authorize us to pay Supplier's invoice upon your receipt of the Equipment. Our act of paying Supplier's invoice for the Equipment shall constitute the funding of this transaction under the terms of this Agreement.

2. **Term and Payment.** For value received, you promise to pay to us the Principal Amount listed above plus interest, to be paid in monthly installments ("Payments") according to the Payment Terms shown above. Any Payments shown above as required in advance shall be due before we fund this transaction. Subsequent Payments shall become due on a consecutive monthly basis thereafter starting on the first day of each month after funding this transaction if funded on the 1st through the 14th day of the month or starting on the fifteenth day of each month if funded on the 15th through the 24th day of the month or starting on the 25th of each month if funded on the 25th through the last day of the month, until the end of the Financing Term referenced above. All Payments shall be applied first to interest and then to principal.

3. **Disclaimer of Warranties.** This Equipment and the Supplier of the Equipment have been selected by you based on your own judgment. By executing this Agreement, you request us to order the Equipment, arrange for its delivery to you and pay for the Equipment upon your receipt of it. You acknowledge that we do not manufacture, deliver or install the Equipment and we do not represent the Supplier(s) of the Equipment. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE MERCHANTABILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. WE MAKE NO WARRANTY OF TITLE TO ANY SOFTWARE, SOFTWARE LICENSES AND/OR THE RIGHT TO USE ANY SOFTWARE. You agree not to make any claim for any reason against us for consequential damages. You acknowledge you have been advised that you may have rights against the supplier(s) of the Equipment and that you should contact each supplier for a description of any such rights. So long as this Agreement is not in default, we assign to you any warranties received by us in connection with the Equipment.

4. **Governing Law.** You agree that this Agreement shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this agreement, shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court.

5. **Agency.** You agree that no salesperson or representative of any manufacturer or Supplier is acting on behalf of us and/or can bind us in any way.

YOU AGREE TO ALL OF THE TERMS AND CONDITIONS ABOVE AND ON PAGE 2 OF THIS AGREEMENT AND ON ANY ATTACHED SUPPLEMENTS AND EXHIBITS WHICH ARE PART OF THIS AGREEMENT. THIS IS A NON-CANCELABLE AGREEMENT FOR THE FULL FINANCING TERM.

| LENDER
Trinity, A Division of Bank of the West | BORROWER
RMA LUMBER, INC. |
|---|---|
| This Agreement shall not be binding on us until it has been accepted and executed by the Lender at its San Francisco, CA office. | The undersigned affirms that he/she is a duly authorized corporate officer, partner or proprietor of the above named Borrower. |
| Signature: [signed] | Signature: [signed] |
| Title: VP | Title: VP |
| Date: 6-1-06 | Date: 5-23-06 |
| | Borrower Tax ID #: 54-1745540 |

Page 1 of 2

ORIGINAL                    **EXHIBIT 1**

Continued from Page 1

EQUIPMENT FINANCIN .GREEMENT NO.: 0838870-001
between Trinity, A Division of Bank of the West (Lender)
and RMA LUMBER, INC. (Borrower)

6. **Late Charges.** Time is of the essence. If any Payment or other amount due under this Agreement is not paid in full within 5 days after its due date, you agree to promptly pay a late charge of 10% of the past due amount, subject to a $25 minimum, for those amounts under 30 days past due, plus interest on any amounts over 30 days past due at the rate of 1.5% per month. However, you acknowledge that it is not your intent to pay and it is not our intent to charge any rate hereunder that exceeds the maximum allowed under law. Should any rate charged hereunder be found by court of competent jurisdiction to exceed such maximum, then in that event only, such rate will be reduced to the legally permitted maximum rate and any excessive charges or amounts paid by you, above what you would have paid as per the legally permitted maximum rate, will be applied as a credit to the remaining balance of your obligations to us.

7. **Equipment Maintenance.** You are responsible, at your expense, to maintain the Equipment in good working order. If any Equipment is damaged, missing or does not work satisfactorily for any reason, you agree to continue to pay all Payments when they become due.

8. **Indemnity.** You agree that we are not responsible for any losses or injuries caused in connection with the Equipment. You agree to indemnify us for and, at our option and your expense, defend us against any claims, suits and actions, including negligence and strict liability, whenever made for losses or injuries related to the Equipment.

9. **Taxes and Fees.** You agree to pay when due, either directly or to us upon our demand, any taxes, filing fees, license fees, interest and penalties relating to this Agreement and the Equipment. If we pay any of these amounts you agree to reimburse us upon demand and pay to us a $25.00 service charge. You agree to pay to us a documentation fee of $250.00 to cover our costs of preparing this Agreement. You shall pay to us a fee of $20.00 for every check that is returned to us as unpaid by your bank.

10. **Risk of Loss.** You are responsible for any loss or damage to the Equipment and/or caused by the Equipment. You agree to immediately notify us of any such losses or damages and of any insurance claims pertaining to the Equipment. If the Equipment is missing, stolen or damaged, you will, at our option and at your expense, promptly repair the Equipment to our satisfaction, replace the Equipment with equipment of equal purpose and value or pay to us any then due amounts under this Agreement, b) the outstanding simple interest balance of the Principal Amount assuming timely Payments and a year of 12 months of 30 days each and c) 5% of that balance.

11. **Insurance.** At your expense you agree to keep the Equipment fully insured against loss until your obligations under this Agreement are paid in full, with Trinity, A Division of Bank of the West named as loss payee. You also agree to obtain a public liability insurance policy that is acceptable to us and to include us as an insured on that policy. You agree to provide us with satisfactory evidence of the required insurance upon our request. If you fail to obtain any of the required insurance and we obtain it for you, you agree to pay us the cost of that coverage plus any lessor servicing fees and interest. You also acknowledge that such insurance shall cover our interests only and will not include any lessee liability coverage. Nothing in this Agreement will create an insurance relationship of any kind between us and any other party. You acknowledge that we are not required to maintain any insurance and we will not be liable to you if we terminate or modify any insurance coverage that we may arrange. You agree that we may sign, endorse and/or negotiate, on your behalf as attorney-in-fact for you, any instrument representing proceeds from any insurance policy claim covering the Equipment.

12. **Assignment.** You may not sell, transfer, assign or subrent the Equipment or this Agreement without our advance written consent and payment to us of an assignment processing fee. You agree that we may sell or assign this Agreement without notice to you, and that our assignee shall have all of our rights under this Agreement. You agree that the rights of our assignee will not be subject to any claims, defenses or setoffs that you may have against us.

13. **Default and Remedies.** You are in default if a) you fail to pay any Payment when due; b) you or your affiliate fail to comply with any requirement of this Agreement or any requirement of any other agreement with us and/or with Supplier, and/or with any requirement of any license agreement, system support agreement, mandatory maintenance agreement or installation agreement pertaining to the Equipment; c) any warranty, representation or statement made or furnished to us by or on behalf of you in connection with any obligation or liability hereunder or to induce us to enter into this transaction is proven to have been false, in any material respect when made or furnished; d) the entry of any material judgment against, or the assessment and/or filing of any tax lien against, or the issuance of any writ of garnishment or attachment against you or any of your property; e) your death, incompetency, dissolution, termination of existence, change of controlling ownership, insolvency, or business failure or cessation of your business; f) the appointment of a receiver of or the assignment for the benefit of creditors for all or any part your property, the commencement of bankruptcy or insolvency proceedings under any law by or against you or any guarantor of your obligations hereunder; and/or g) our reasonable and written determination, in good faith, that the prospect of payment or other performance by you is materially impaired. Upon such default, we may, at our option, do one or more of the following: a) require you to immediately pay the casualty payoff described in Section 10 in this Agreement; b) terminate this Agreement and/or any other agreements we have entered into with you; c) require you to immediately stop using the Equipment and return the Equipment to us in good condition; d) peacefully enter onto your premises and take possession of the Equipment without liability to you for trespass or damages; e) deactivate the Equipment; and/or f) use any other remedies available to us at law or in equity. You agree that any delay or failure by us to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees and the costs of repossessing, storing, refurbishing and selling the Equipment.

14. **Security Interest.** In order to secure your obligations to us under this Agreement, you grant to us a security interest in the Equipment, including all substitutions and additions. You agree that the Equipment will remain personal property regardless of its attachment to realty and you agree to keep the Equipment at an appropriate and safe location that is satisfactory to us. You agree to keep the Equipment clear of all liens and encumbrances except those provided for in this Agreement. You agree to use the Equipment for commercial purposes and in a manner pertaining to its intended use and in compliance with applicable law.

15. **Miscellaneous.** You agree that this Agreement is the entire agreement you have with us pertaining to this Equipment and it cannot be changed except as agreed by you and us in writing. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Agreement. You agree that the Principal Amount and the Payment amount may be adjusted to reflect any change in the Equipment cost as a result of any Equipment change orders, add-ons, returns, errors or other similar events verbally agreed to by you. In the event of any such adjustment, we will furnish you a written notice thereof. You agree that a signed faxed version of this Agreement shall be deemed to be of the same force and effect as an original of a manually signed Agreement. During the Financing Term and any renewal terms, you authorize us and our assigns to obtain credit bureau reports and make other credit inquiries that we determine are necessary. You agree to provide us with your updated financial statements upon our request until all of your obligations to us have been fulfilled. You hereby authorize any employee of yours to accept the Equipment and sign on your behalf an Acceptance Certificate that pertains to this Agreement. This Agreement is binding upon the successors and assigns of you and us. If there is more than one Borrower, your obligations shall be joint and several.

16. **Voluntary Prepayment.** You may want to terminate this Agreement prior to making all the scheduled Payments. If the Agreement has not been in default and the initial 12 Payments have been received by us, you may prepay the Agreement by paying us the casualty payoff described in Section 10 of this Agreement.

Page 2 of 2


ORIGINAL

Rev1 04/20/2006

Exhibit A
to Equipment Financing Agreement No. <u>838870</u>
between Trinity, A Division of Bank of the West (Lender) and
RMA LUMBER, INC. (Borrower).

**Equipment Location:**
295 BELMONT LANE
DILLWYN, VA 23936

**EQUIPMENT:**

| QTY | DESCRIPTION | UNIT COST | $AMOUNT |
|---|---|---|---|
| 1 | PETERSON 6700B GRINDER S/N 31V-54-1305 CAT 3412 18" DISK CLUTCH, IRS HYDRAULICS | | $615,000.00 |
| | TRINITY DOCUMENTATION FEE | | $250.00 |
| | PIONEER ADMINISTRATIVE FEE | | $100.00 |
| | LESS TRADE IN | | -60,000.00 |
| | **EQUIPMENT TOTAL** | | $555,350.00 |

Exhibit 2

Rev 04/20/2006

RE: EQUIPMENT FINANCING AGREEMENT NO.: 0838870-001

BORROWER: RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936

## PERSONAL GUARANTY

This guaranty ("Guaranty") has been written in plain English. The words "Agreement" and "Borrower" herein refer to the Equipment Financing Agreement and borrower referenced above, respectively. The words "you" and "your" refer to the guarantors listed below. The words "we", "us" and "our" refer to the lender, Trinity, A Division of Bank of the West.

In consideration of us providing any present or future financing of any nature to the Borrower, including but not limited to entering into the Agreement, you unconditionally guaranty (jointly and severally if more than one) in favor of us, our successors and assigns, any and all indebtedness of Borrower to us, whether now existing or subsequently entered into, including but not limited to Borrower's performance of all of its obligations under the Agreement and all other agreements previously or subsequently entered into between us and Borrower. You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty. You waive all notice of acceptance of this Guaranty and any demands and/or notices of any kind, including those of any action or non-action of Borrower, us or any other party. Without affecting your liability, you authorize us to renew, compromise, waive and/or alter our rights against Borrower and/or any financed property. You waive all rights to seek repayment from Borrower in the event you must pay us under this Guaranty. You also agree that we have the right, at our option, to assign this Guaranty and/or any financing transaction between us and Borrower, including the Agreement, to any other party at any time.

You acknowledge that you have received a copy of the Agreement and understand its terms and conditions. You agree that upon any default of Borrower, we may, at our option, proceed directly and at once, without notice, against you to collect and recover the full amount you have guaranteed, or any portion of that amount, without proceeding against Borrower or any other person, and without exercising any other remedy available to us. This Guaranty shall be binding upon your heirs, executors, administrators and successors. You agree that any and all payments due from you under this Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that this Guaranty shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this guaranty shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court. You agree that this Guaranty is the entire agreement with us pertaining to your guaranty of the obligations described herein and it cannot be changed except with our advance written consent. You authorize us or our assignee to obtain credit bureau reports regarding your personal credit until all of your obligations to us have been fulfilled. You agree that a signed faxed version of the Agreement, Acceptance Certificate and Guaranty shall be deemed to be of the same force and effect as an original of a manually signed Agreement, Acceptance Certificate and Guaranty, respectively. You agree that any failure or delay by us to enforce our rights under this Guaranty does not prevent us from enforcing any rights at a later time.

**GUARANTOR:** ROBIN ALLEN
Signature: _John Allen_
Home Address: _PO Box 471_
_Dillwyn, VA 23936_
Home Phone: _434 983 3743_
Cell Phone: _434 315 3082_
Fax Number: _434 983 5051_
Social Security #: _229 19 5033_
Date: _6-22-06_

**EXHIBIT 2**

## SECRETARY CERTIFICATE

The undersigned, _____, does hereby certify that:

    1. He is the duly elected, qualified and acting Secretary of _____ (the "Company") a corporation duly organized and existing and in good standing under the laws of the State of _____, and that as such Secretary he/she has custody of the corporate records of the Company and its corporate seal.

    2. Attached hereto as Exhibit A is a true, correct and complete copy of the resolutions adopted by the Board of Directors of the Company at a meeting thereof duly called, convened and held on _____ (date) at which meeting a majority and quorum of said Board of Directors were present and acting throughout and voted in favor of the adoption thereof. Said resolutions do not in any manner contravene the Articles of Incorporation or By-Laws of the Company, have not been rescinded or modified in any manner and are on the date hereof still in force and effect.

    3. The persons whose names, titles and signatures appear on the Incumbency and Signature Schedule of the Company attached hereto as Schedule 1 are certain of the duly elected, qualified and acting officers who are authorized to sign contracts pursuant to said resolutions and hold on the date therein appearing opposite their respective names are genuine signatures of such officers.

    IN WITNESS WHEREOF, the undersigned has hereunto set this hand and affixed the seal of the Company this _22_ day of _May_, 200_6_.

_____
Secretary

### Schedule 1
### Incumbency and Signature Schedule

RMA LUMBER, INC.
legal name of company

Authorized Signators:

Name: _RMA Lumber Inc_
Title: _President_
Signature: _____

Sworn to and before me this 23rd day of May, 2006
Candice P. Kearns