1  HOOD & REED
   18141 Beach Blvd., Suite 390
2  Huntington Beach, CA   92648-5611
   Attn:  James T. Reed, Jr., Bar No. 116933
3

4  (714)  842-6837

5  Attorneys for Plaintiff
   BANK OF THE WEST
6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  BANK OF THE WEST, a California     )  CASE NO. C 07-06469 EMC
    corporation,                       )
13                                     )  Assigned to the
                                       )  Honorable Edward M. Chen
14            Plaintiff,               )  United States Magistrate Judge
                                       )  Ctrm C, 15th Floor
15  vs.                                )
                                       )
16  RMA LUMBER, INC., a Virginia       )
    corporation; ROBIN M. ALLEN, an    )
17  individual                         )  STATEMENT OF THE CASE IN SUPPORT
                                       )  OF DEFAULT JUDGMENT
18                                     )
              Defendants.              )
19  _____)

20          This is an action to enforce an equipment financing

21  agreement (Agreement) by RMA Lumber, Inc. (RMA) and the guaranty of

22  that Agreement by Robin M. Allen (Guaranty) and for possession of the

23  equipment financed under the Agreement.  The Agreement grants

24  plaintiff a security interest in the equipment financed which is

25  described hereinbelow.  The Agreement and Guaranty are attached to the

26  declaration of Melvin Arterberry.  The default of the defendants RMA

27

28

1 and Robin M. Allen were entered on March 12, 2008 respectively by the

2 Clerk of the Court.

3      As set forth in the declaration of Melvin Arterberry, the

4 Agreement went into default because the monthly payments were not

5 paid, when due despite the obligation to make such payments under the

6 Agreement.  The defendants have also failed to surrender possession of

7 the Bank's collateral following default and demand for same.

8      The principal amount due under the Agreement is the sum of

9 $496,760.64, late charges of $10,340.20, plus interest through March

10 28, 2008 of $21,594.83 and continues to accrue at the rate of $102.83

11 per day thereafter until entry of judgment.

12      This is a straight forward collection action based on an

13 equipment financing agreement, much like a promissory note, and the

14 guaranty of that agreement.  That Agreement is in default for non-

15 payment.  The liability of a surety such as Robin M. Allen on her

16 Guaranty is described in California Civil Code § 2807 as follows:

17          "A surety who has assumed liability for payment or
            performance is liable to the creditor immediately
18          upon the default of the principal and without demand
            or notice."
19
           See also <u>Escrow Agents' Fidelity Corporation v. Superior Ct.</u>
20
   (1992) 4 Cal.App.4th 491.
21
           The Agreement and Guaranty provide that if an action is
22
   brought, plaintiff is entitled to recover its attorneys' fees and
23
   costs.  Plaintiff's attorneys' fees will be requested by a post-
24
   judgment motion.
25
           Plaintiff is also entitled to a judgment for possession of
26
   its collateral based upon the default according to the terms of the
27

28

1   Agreement.  Plaintiff's complaint seeks recovery of possession of the

2   following personal property:

3           1 Peterson 6700B Grinder, S/N 31V-54-1305
            CAT 3412, 18" Disk Clutch, IRS Hydraulics

4           Plaintiff's entitlement to the cumulative remedies is set

5   forth in the Agreement in the remedies section and is also provided

6   for in Division 9 of the California Commercial Code dealing with

7   security agreements.  Upon default, such as for non-payment, the

8   lender has the right to obtain possession of its collateral pursuant

9   to California Commercial Code §§ 9601 and 9609.  The secured party may

10  attempt self help repossession or obtain judgment for possession as it

11  requests here.

12          California Commercial Code § 9601(a)(1) authorizes the

13  recovery of a judgment for damages and allows for cumulative remedies.

14          Here Bank of the West is exercising its cumulative remedies

15  which are not inconsistent, i.e., provision is made in the judgment

16  for reduction of the balance of the judgment upon the recovery and

17  disposition of the Bank's collateral.

18          Plaintiff is entitled to a judgment for possession of its

19  property as prayed for in its complaint.  That right is expressly

20  conferred upon it in the Agreement, as well.  Two distinct wrongs have

21  occurred.  Plaintiff certainly is not seeking contract and tort

22  remedies arising out of the same transaction which itself would not be

23  prohibited.  See Waffer Int. Corp. v. Khorsandi (1999) 69 Cal.App.4th

24  1261 and Baker v. Superior Court (1983) 150 Cal.App.3d 140.  See,

25  generally, 3 Witkin, California Procedure 4th § 182 Actions.  See

26  also, 3 Witkin, California Procedure 4th (1997) Actions § 175.

27

28

1        Awarding cumulative remedies in the judgment are appropriate

2   just as those cumulative remedies were considered appropriate in the

3   case of <u>KMAP, Inc. v. Towne and Country Broadcasters, Inc.</u> (1975) 49

4   Cal.App.3d 544 where plaintiff brought an action to enforce a security

5   agreement and obtained judgment for possession of its collateral and

6   later obtained a money judgment for damages.  The Court of Appeal

7   reversed the trial court's dismissal of the damage action, stating two

8   separate wrongs occurred, giving rise to cumulative remedies.

9   California Code of Civil Procedure § 667 authorizes this type of

10  judgment and the cases interpreting that statute so hold.

11  Accordingly, awarding judgment for both possession of Bank of the

12  West's property and damages for the breach of its Agreement is

13  appropriate here.

14       Upon any disposition following the recovery of the above-

15  described equipment by plaintiff, the net proceeds will be credited to

16  amounts due under the judgment.

17       Plaintiff is entitled to a judgment for both possession of

18  its collateral and a money judgment in the total principal amount of

19  $496,760.64, late charges of $10,340.20, and interest through March

20  14, 2008 of $21,594.83 which continues to accrue at the rate of

21  $102.83 per day thereafter.

22                   HOOD & REED

23

24  Dated:    March 18, 2008          By:_____

25                              JAMES T. REED, JR.
                                Attorneys for Plaintiff
                                BANK OF THE WEST

26  (JTR:amc)
    JUDGMENT.STA

27

28