```
HOOD & REED
18141 Beach Blvd., Suite 390
Huntington Beach, CA   92648-5611
Attn:  James T. Reed, Jr., Bar No. 116933


(714)  842-6837

Attorneys for Plaintiff
BANK OF THE WEST
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BANK OF THE WEST, a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>RMA LUMBER, INC., a Virginia corporation; ROBIN M. ALLEN, an individual<br><br>            Defendants. | CASE NO. C 07-06469 EMC<br><br>Assigned to the<br>Honorable Edward M. Chen<br>United States Magistrate Judge<br>Ctrm C, 15th Floor<br><br>DECLARATION OF MELVIN ARTERBERRY, JR. IN SUPPORT OF DEFAULT JUDGMENT BY COURT |

I, Melvin Arterberry, Jr., declare:

**COMPETENCY OF DECLARANT**

1.   I am a Vice President of Bank of the West and as such I am one of its custodians of records.  The facts contained in this declaration are known to me to be true based on my personal knowledge and if called to do so I could and would competently testify thereto.

2.   As a custodian of records, I am involved with books, records and files belonging to Bank of the West as they pertain to the

---

DECLARATION OF MELVIN ARTERBERRY, JR.
IN SUPPORT OF DEFAULT JUDGMENT BY COURT                                  1

equipment finance agreement (the Agreement) with RMA Lumber, Inc. (RMA) and the guaranty of the Agreement by Defendant Robin M. Allen. In my position I am required to and personally do work on said books, records and files and as a Vice President I am involved in most aspects of this transaction. As to the following facts, I know them to be true of my own personal knowledge or I have gained such knowledge of those facts from the business records of Bank of the West which were made at or about the time of the events recorded and which are maintained in the ordinary course of Bank of the West's business at or near the time of the acts, conditions or events to which they relate. Any such document or record was prepared in the ordinary course of business of Bank of the West by a person employed by it who had personal knowledge of the event being recorded and who had a business duty to accurately record such event. The business records of Bank of the West referred to herein and from which the calculations in this declaration are made, are maintained by the Bank in the ordinary course of its business by persons having a business duty to make entries and record payments as they are received by the Bank and keyed into the Bank's computer system. The Bank's record keeping system, in addition to showing payments when they are made, also computes late charges when a payment becomes past due and calculates interest on the principal balance due in accordance with the terms of the Agreement.

**BANK OF THE WEST'S EQUIPMENT FINANCE AGREEMENT WITH DEFENDANT RMA LUMBER, INC.**

3. Bank of the West is the owner and holder of the equipment finance agreement by RMA. A true and correct copy of which

1  is attached as Exhibit 1.  The Agreement requires regular monthly
2  payments and it is in default for non-payment as follows:

| **Principal Amount Due** | **Default Date** | **Late Charges** | **Interest & thru 3/28/2008** | **Per Diem** |
|---|---|---|---|---|
| $496,760.64 | September 1, 2007 | $10,340.20 | $21,594.83 | $102.83 |

6           4.   Upon default, Bank of the West is entitled to
possession of the financed equipment under the terms of the Agreement
which grants Bank of the West a security interest therein.  The
equipment which serves as Bank of the West's collateral is identified
in Exhibit A of the Agreement as follows:

       1 Peterson 6700B Grinder S/N 31V-54-1305
       CAT 3412 18" Disk Clutch, IRS Hydraulics

**GUARANTEE OF THE AGREEMENT BY DEFENDANT ROBIN M. ALLEN**

           5.   Bank of the West, in making its decision to finance the
equipment referred to above, received information about and relied
upon the personal financial condition of Defendant Robin M. Allen and
her written personal guaranty of the Agreement.  Attached as Exhibit 2
is a true and correct copy of her Guaranty Agreement.

           6.   The Agreement and the Guaranty provide for the recovery
of costs of collection, which includes plaintiff's attorneys' fees.
Plaintiff has employed the law firm of Hood & Reed to bring this
action and has incurred fees and costs as a result.  Attorneys' fees
have been incurred in the prosecution of this matter.

           7.   The total amount due under the Agreement and Guaranty
is $496,760.64 principal, late charges of $10,340.20, interest through
March 28, 2008 of $21,594.83 which continues to accrues at the rate of
$102.83 per day, thereafter.

1     I declare under penalty of perjury under the laws of the
2 United States of America that the foregoing is true and correct this
3 March _17_, 2008.

                                               /s/ Melvin Arterberry, Jr.
                                             MELVIN ARTERBERRY, JR.
                                             Declarant

(JTR:amc)
JUDGMENT.DE2

Rev 1 04/20/2006

**EQUIPMENT FINANCING AGREEMENT NO.: 0838870-001**

**Trinity, A Division of Bank of the West**
475 Sansome Street, 19th Floor, San Francisco, CA 94111-3112
Telephone: 800-841-4433   Fax: 415-956-5187

PHONE: 434-983-3743

**BORROWER:** RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936

PHONE: 803-936-9990

**SUPPLIER:** PIONEER MACHINERY LLC
3239 SUNSET BLVD.
WEST COLUMBIA, SC 29169

**EQUIPMENT:** See Exhibit A attached and made a part hereof.

**PAYMENT TERMS:**
Principal Amount: $555,350.00
Commencement Date of Payments: 6-1-06 (To be filled in per Paragraph 2 below)
Financing Term (number of months): 60, plus any extensions and renewal periods
Number of Monthly Payments due in advance: 0 (First and Last: 0)
Monthly Payment amount: $11,390.23, tax exempt
Security Deposit, if any: N/A

────────────────TERMS AND CONDITIONS────────────────

This equipment financing agreement (herein referred to as the "Agreement") has been written in plain English. The words "you" and "your" herein refer to the Borrower listed above. The words "we", "us" and "our" refer to Trinity, A Division of Bank of the West as lender. All other capitalized terms used herein shall have the meaning ascribed to them as listed above.

1. **Purpose of Financing.** This transaction is entered into for the purpose of financing your purchase of certain equipment (and applicable software, if any) from the Supplier, as described on the attached Exhibit A which is made a part of this Agreement. Such equipment and software will herein be referred to as the "Equipment". You hereby authorize Supplier to provide us with the invoice for the Equipment and you authorize us to pay Supplier's invoice upon your receipt of the Equipment. Our act of paying Supplier's invoice for the Equipment shall constitute the funding of this transaction under the terms of this Agreement.

2. **Term and Payment.** For value received, you promise to pay to us the Principal Amount listed above plus interest, to be paid in monthly installments ("Payments") according to the Payment Terms shown above. Any Payments shown above as required in advance shall be due before we fund this transaction. Subsequent Payments shall become due on a consecutive monthly basis thereafter starting on the first day of each month after funding this transaction if funded on the 1st through the 14th day of the month or starting on the fifteenth day of each month if funded on the 15th through the 24th day of the month or starting on the 25th of each month if funded on the 25th through the last day of the month, until the end of the Financing Term referenced above. All Payments shall be applied first to interest and then to principal.

3. **Disclaimer of Warranties.** This Equipment and the Supplier of the Equipment have been selected by you based on your own judgment. By executing this Agreement, you request us to order the Equipment, arrange for its delivery to you and pay for the Equipment upon your receipt of it. You acknowledge that we do not manufacture, deliver or install the Equipment and we do not represent the Supplier(s) of the Equipment. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE MERCHANTABILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. WE MAKE NO WARRANTY OF TITLE TO ANY SOFTWARE, SOFTWARE LICENSES AND/OR THE RIGHT TO USE ANY SOFTWARE. You agree not to make any claim for any reason against us for consequential damages. You acknowledge you have been advised that you may have rights against the supplier(s) of the Equipment and that you should contact each supplier for a description of any such rights. So long as this Agreement is not in default, we assign to you any warranties received by us in connection with the Equipment.

4. **Governing Law.** You agree that this Agreement shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this agreement, shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court.

5. **Agency.** You agree that no salesperson or representative of any manufacturer or Supplier is acting on behalf of us and/or can bind us in any way.

YOU AGREE TO ALL OF THE TERMS AND CONDITIONS ABOVE AND ON PAGE 2 OF THIS AGREEMENT AND ON ANY ATTACHED SUPPLEMENTS AND EXHIBITS WHICH ARE PART OF THIS AGREEMENT. THIS IS A NON-CANCELABLE AGREEMENT FOR THE FULL FINANCING TERM.

**LENDER**
Trinity, A Division of Bank of the West

This Agreement shall not be binding on us until it has been accepted and executed by the Lender at its San Francisco, CA office.

Signature: _____
Title: VP
Date: 6-1-06

**BORROWER**
RMA LUMBER, INC.

The undersigned affirms that he/she is a duly authorized corporate officer, partner or proprietor of the above named Borrower.

Signature: _____
Title: VP
Date: 5-23-06
Borrower Tax ID #: 54-1745540

Page 1 of 2

ORIGINAL                                **EXHIBIT 1**

Continued from Page 1

EQUIPMENT FINANCING AGREEMENT NO.: **0838870-001**
between Trinity, A Division of Bank of the West (Lender)
and RMA LUMBER, INC. (Borrower)

6. **Late Charges.** Time is of the essence. If any Payment or other amount due under this Agreement is not paid in full within 5 days after its due date, you agree to promptly pay a late charge of 10% of the past due amount, subject to a $25 minimum, for those amounts under 30 days past due, plus interest on any amounts over 30 days past due at the rate of 1.5% per month. However, you acknowledge that it is not your intent to pay and it is not our intent to charge any rate hereunder that exceeds the maximum allowed under law. Should any rate charged hereunder be found by court of competent jurisdiction to exceed such maximum, then in that event only, such rate will be reduced to the legally permitted maximum rate and any excessive charges or amounts paid by you, above what you would have paid as per the legally permitted maximum rate, will be applied as a credit to the remaining balance of your obligations to us.

7. **Equipment Maintenance.** You are responsible, at your expense, to maintain the Equipment in good working order. If any Equipment is damaged, missing or does not work satisfactorily for any reason, you agree to continue to pay all Payments when they become due.

8. **Indemnity.** You agree that we are not responsible for any losses or injuries caused in connection with the Equipment. You agree to indemnify us for and, at our option and your expense, defend us against any claims, suits and actions, including negligence and strict liability, whenever made for losses or injuries related to the Equipment.

9. **Taxes and Fees.** You agree to pay when due, either directly or to us upon our demand, any taxes, filing fees, license fees, interest and penalties relating to this Agreement and the Equipment. If we pay any of these amounts you agree to reimburse us upon demand and pay to us a $25.00 service charge. You agree to pay to us a documentation fee of $250.00 to cover our costs of preparing this Agreement. You shall pay to us a fee of $20.00 for every check that is returned to us as unpaid by your bank.

10. **Risk of Loss.** You are responsible for any loss or damage to the Equipment and/or caused by the Equipment. You agree to immediately notify us of any such losses or damages and of any insurance claims pertaining to the Equipment. If the Equipment is missing, stolen or damaged, you will, at our option and at your expense, promptly repair the Equipment to our satisfaction, replace the Equipment with equipment of equal purpose and value or pay to us any then due amounts under this Agreement, b) the outstanding simple interest balance of the Principal Amount assuming timely Payments and a year of 12 months of 30 days each and c) 5% of that balance.

11. **Insurance.** At your expense you agree to keep the Equipment fully insured against loss until your obligations under this Agreement are paid in full, with Trinity, A Division of Bank of the West named as loss payee. You also agree to obtain a public liability insurance policy that is acceptable to us and to include us as an insured on that policy. You agree to provide us with satisfactory evidence of the required insurance upon our request. If you fail to obtain any of the required insurance and we obtain it for you, you agree to pay us the cost of that coverage plus any lessor servicing fees and interest. You also acknowledge that such insurance shall cover our interests only and will not include any lessee liability coverage. Nothing in this Agreement will create an insurance relationship of any kind between us and any other party. You acknowledge that we are not required to maintain any insurance and we will not be liable to you if we terminate or modify any insurance coverage that we may arrange. You agree that we may sign, endorse and/or negotiate, on your behalf as attorney-in-fact for you, any instrument representing proceeds from any insurance policy claim covering the Equipment.

12. **Assignment.** You may not sell, transfer, assign or subrent the Equipment or this Agreement without our advance written consent and payment to us of an assignment processing fee. You agree that we may sell or assign this Agreement without notice to you, and that our assignee shall have all of our rights under this Agreement. You agree that the rights of our assignee will not be subject to any claims, defenses or setoffs that you may have against us.

13. **Default and Remedies.** You are in default if a) you fail to pay any Payment when due; b) you or your affiliate fail to comply with any requirement of this Agreement or any requirement of any other agreement with us and/or with Supplier, and/or with any requirement of any license agreement, system support agreement, mandatory maintenance agreement or installation agreement pertaining to the Equipment; c) any warranty, representation or statement made or furnished to us by or on behalf of you in connection with any obligation or liability hereunder or to induce us to enter into this transaction is proven to have been false, in any material respect when made or furnished; d) the entry of any material judgment against, or the assessment and/or filing of any tax lien against, or the issuance of any writ of garnishment or attachment against you or any of your property; e) your death, incompetency, dissolution, termination of existence, change of controlling ownership, insolvency, or business failure or cessation of your business; f) the appointment of a receiver of or the assignment for the benefit of creditors for all or any part your property, the commencement of bankruptcy or insolvency proceedings under any law by or against you or any guarantor of your obligations hereunder; and/or g) our reasonable and written determination, in good faith, that the prospect of payment or other performance by you is materially impaired. Upon such default, we may, at our option, do one or more of the following: a) require you to immediately pay the casualty payoff described in Section 10 in this Agreement; b) terminate this Agreement and/or any other agreements we have entered into with you; c) require you to immediately stop using the Equipment and return the Equipment to us in good condition; d) peacefully enter onto your premises and take possession of the Equipment without liability to you for trespass or damages; e) deactivate the Equipment; and/or f) use any other remedies available to us at law or in equity. You agree that any delay or failure by us to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees and the costs of repossessing, storing, refurbishing and selling the Equipment.

14. **Security Interest.** In order to secure your obligations to us under this Agreement, you grant to us a security interest in the Equipment, including all substitutions and additions. You agree that the Equipment will remain personal property regardless of its attachment to realty and you agree to keep the Equipment at an appropriate and safe location that is satisfactory to us. You agree to keep the Equipment clear of all liens and encumbrances except those provided for in this Agreement. You agree to use the Equipment for commercial purposes and in a manner pertaining to its intended use and in compliance with applicable law.

15. **Miscellaneous.** You agree that this Agreement is the entire agreement you have with us pertaining to this Equipment and it cannot be changed except as agreed by you and us in writing. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Agreement. You agree that the Principal Amount and the Payment amount may be adjusted to reflect any change in the Equipment cost as a result of any Equipment change orders, add-ons, returns, errors or other similar events verbally agreed to by you. In the event of any such adjustment, we will furnish you a written notice thereof. You agree that a signed faxed version of this Agreement shall be deemed to be of the same force and effect as an original of a manually signed Agreement. During the Financing Term and any renewal terms, you authorize us and our assigns to obtain credit bureau reports and make other credit inquiries that we determine are necessary. You agree to provide us with your updated financial statements upon our request until all of your obligations to us have been fulfilled. You hereby authorize any employee of yours to accept the Equipment and sign on your behalf an Acceptance Certificate that pertains to this Agreement. This Agreement is binding upon the successors and assigns of you and us. If there is more than one Borrower, your obligations shall be joint and several.

16. **Voluntary Prepayment.** You may want to terminate this Agreement prior to making all the scheduled Payments. If the Agreement has not been in default and the initial 12 Payments have been received by us, you may prepay the Agreement by paying us the casualty payoff described in Section 10 of this Agreement.

Page 2 of 2



Rev1 04/20/2006

## Exhibit A
### to Equipment Financing Agreement No. <u>838870</u>
### between Trinity, A Division of Bank of the West (Lender) and RMA LUMBER, INC. (Borrower).

**Equipment Location:**
295 BELMONT LANE
DILLWYN, VA 23936

| EQUIPMENT: QTY | DESCRIPTION | UNIT COST | $AMOUNT |
|---|---|---|---|
| 1 | PETERSON 6700B GRINDER S/N 31V-54-1305 CAT 3412 18" DISK CLUTCH, IRS HYDRAULICS | | $615,000.00 |
| | TRINITY DOCUMENTATION FEE | | $250.00 |
| | PIONEER ADMINISTRATIVE FEE | | $100.00 |
| | LESS TRADE IN | | -60,000.00 |
| | EQUIPMENT TOTAL | | $555,350.00 |

ORIGINAL

Rev 1 04/20/2006

RE: EQUIPMENT FINANCING AGREEMENT NO.: <u>0838870-001</u>

BORROWER: RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936

## PERSONAL GUARANTY

This guaranty ("Guaranty") has been written in plain English. The words "Agreement" and "Borrower" herein refer to the Equipment Financing Agreement and borrower referenced above, respectively. The words "you" and "your" refer to the guarantors listed below. The words "we", "us" and "our" refer to the lender, Trinity, A Division of Bank of the West.

In consideration of us providing any present or future financing of any nature to the Borrower, including but not limited to entering into the Agreement, you unconditionally guaranty (jointly and severally if more than one) in favor of us, our successors and assigns, any and all indebtedness of Borrower to us, whether now existing or subsequently entered into, including but not limited to Borrower's performance of all of its obligations under the Agreement and all other agreements previously or subsequently entered into between us and Borrower. You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty. You waive all notice of acceptance of this Guaranty and any demands and/or notices of any kind, including those of any action or non-action of Borrower, us or any other party. Without affecting your liability, you authorize us to renew, compromise, waive and/or alter our rights against Borrower and/or any financed property. You waive all rights to seek repayment from Borrower in the event you must pay us under this Guaranty. You also agree that we have the right, at our option, to assign this Guaranty and/or any financing transaction between us and Borrower, including the Agreement, to any other party at any time.

You acknowledge that you have received a copy of the Agreement and understand its terms and conditions. You agree that upon any default of Borrower, we may, at our option, proceed directly and at once, without notice, against you to collect and recover the full amount you have guaranteed, or any portion of that amount, without proceeding against Borrower or any other person, and without exercising any other remedy available to us. This Guaranty shall be binding upon your heirs, executors, administrators and successors.
You agree that any and all payments due from you under this Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that this Guaranty shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this guaranty shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court. You agree that this Guaranty is the entire agreement with us pertaining to your guaranty of the obligations described herein and it cannot be changed except with our advance written consent. You authorize us or our assignee to obtain credit bureau reports regarding your personal credit until all of your obligations to us have been fulfilled. You agree that a signed faxed version of the Agreement, Acceptance Certificate and Guaranty shall be deemed to be of the same force and effect as an original of a manually signed Agreement, Acceptance Certificate and Guaranty, respectively. You agree that any failure or delay by us to enforce our rights under this Guaranty does not prevent us from enforcing any rights at a later time.

GUARANTOR: ROBIN ALLEN
Signature: *John Allen*
Home Address: P O Box 471
Dillwyn VA 23936
Home Phone: 434 983 3743
Cell Phone: 434 315 3082
Fax Number: 434 983 5051
Social Security #: 229 19 5033
Date: 6-22-06

**EXHIBIT 2**