United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF THE WEST, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>RMA LUMBER, INC., a Virginia corporation; ROBIN M. ALLEN, an individual<br><br>    Defendants.<br>_____/ | No. C-07-6469 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 9)** |

Plaintiff Bank of the West has filed suit against Defendants RMA Lumber, Inc. and Robin M. Allen for, *inter alia*, breach of contract. After Defendants failed to respond to the Bank's complaint, default was entered by the Clerk of the Court, and the Bank then moved for default judgment. Having reviewed the Bank's motion and accompanying submissions, the Court hereby orders that the Bank provide supplemental briefing and/or evidence as described below.

In its complaint the Bank alleges that, on or about May 23, 2006, it entered into an agreement with RMA pursuant to which the Bank loaned RMA money so that it could purchase certain equipment. *See* Compl. ¶ 6 & Ex. 1. In addition, on or about May 22, 2006, the Bank entered into a personal guaranty agreement with Ms. Allen pursuant to which Ms. Allen agreed to pay any and all indebtedness of RMA to the Bank. *See id.* ¶ 20 & Ex. 2. According to the Bank, RMA defaulted under the terms of the equipment financing agreement by failing to make the payment due on September 1, 2007, and each subsequent payment. *See id.* ¶ 7. The Bank made a demand for payment, both to RMA and Ms. Allen (as guarantor) but to no avail. *See id.* ¶¶ 7, 13, 22. The Bank claims that it is owed principal in the amount of $469,760.64; accrued interest in the

1   amount of $10,077.59 as of December 7, 2007; late charges in the amount of $10,340.20; and
2   additional interest accruing at the rate of $102.83 per day from December 8, 2007, until payment is
3   made in full or judgment is entered. *See id.* ¶ 8

4   In support of its motion for default judgment, the Bank has offered a declaration from Melvin
5   Arterberry, a vice president for the Bank. In the declaration, Mr. Arterberry states under penalty of
6   perjury what money he believes is owed by Defendants. *See* Arterberry Decl. ¶ 3. That sum is
7   consistent with the amounts identified in the complaint. However, the Bank has not provided, either
8   through Mr. Arterberry or another declarant, any specific calculations as to how the Bank
9   determined that principal, interest, and late charges in the above amounts were owed. The Court
10  acknowledges Mr. Arterberry's statement that he arrived at his conclusion based on "[t]he Bank's
11  record keeping system, [which] in addition to showing payments when they are made, also computes
12  late charges when a payment becomes past due and calculates interest on the principal balance due
13  in accordance with the terms of the [equipment financing] Agreement." *Id.* ¶ 2. But the Court is not
14  able to assess the reliability of the Bank's record keeping system and therefore shall require from the
15  Bank to provide the *precise calculations* for each of the amounts sought. In short, the Bank shall
16  explain why principal, interest, and late charges in the above amounts are due. If the Bank has any
17  documentation as to payments that were made by either RMA or Ms. Allen, that documentation
18  should also be provided.

19  The supplemental papers shall be filed within one week of the date of this order.
20  IT IS SO ORDERED.

22  Dated: April 18, 2008

EDWARD M. CHEN
United States Magistrate Judge