1  HOOD & REED
   18141 Beach Blvd., Suite 390
2  Huntington Beach, CA  92648-5611
   Attn:  James T. Reed, Jr., Bar No. 116933
3

4  (714)  842-6837

5  Attorneys for Plaintiff
   BANK OF THE WEST
6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12 BANK OF THE WEST, a California     ) **CASE NO. C 07-06469 JSW**
   corporation,                      )
13                                    ) **Assigned to the**
                    Plaintiff,       ) **Honorable Jeffrey S. White,**
14                                    ) **United States District Court Judge**
   vs.                               ) **Ctrm 2, 17th Floor**
15                                    )
   RMA LUMBER, INC., a Virginia      ) **EX PARTE MOTION TO FIX AMOUNT**
16 corporation; ROBIN M. ALLEN, an   ) **OF BANK OF THE WEST'S**
   individual                        ) **ATTORNEYS' FEES AS COSTS**
17                                    )
                                     ) **F.R.Civ.P. 55**
18                                    ) **Local Rules 54-6, 7-10,**
                                     ) **California Civil Code § 1717,**
19                 Defendants.       ) **California Code of Civil**
                                     ) **Procedure § 1033.5(10)(A),**
20                                    )
                                     )
21 _____  )

22

23        Bank of the West hereby moves the Court ex parte for an

24 order pursuant to California Civil Code § 1717 for purposes of

25 awarding its attorneys' fees as the prevailng party in the above

26 entitled action.

27

28

1        Relief may be granted ex parte because defendants' defaults

2  were entered by the Court on March 12, 2008 and defendants have not

3  otherwise appeared in this action.  F.R.Civ.P. 55, <u>Hawaii Carpenters'</u>

4  <u>Trust Funds v. Stone</u>, 794 F.2d 508, 512 (9th Cir. 1986).

5        This motion is made upon the ground that Bank of the West is

6  the prevailing party in the suit brought by it on the contracts which

7  contain provision for the award of attorneys' fees.  Bank of the West

8  received all of the relief requested by it.  Bank of the West has

9  incurred attorneys' fees in this action and is entitled to recover

10  those attorneys' fees as part of its costs as provided by the contract

11  and California Civil Code § 1717.  The motion is based on this Motion,

12  the attached Memorandum of Points and Authorities, the attached

13  Declarations of James T. Reed, Jr., Esq., and on all of the papers,

14  pleadings, and records on file in this action and on such other and

15  further evidence presented at or before the hearing.

16

17                   HOOD & REED

18

19

20  Dated:   July 1, 2008        By: _____

                         JAMES T. REED, JR.

21                           Attorneys for Plaintiff

                         BANK OF THE WEST

22  (JTR:amc)

   FEE.NOT

23

24

25

26

27

28

1 | HOOD & REED
18141 Beach Blvd., Suite 390
2 | Huntington Beach, CA   92648-5611
Attn:  James T. Reed, Jr., Bar No. 116933
3 |

4 | (714)  842-6837

5 | Attorneys for Plaintiff
BANK OF THE WEST
6 |

7 |

8 |                    UNITED STATES DISTRICT COURT

9 |             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 |

11 |

12 | BANK OF THE WEST, a California      ) **CASE NO. C 07-06469 JSW**
corporation,                        )
13 |                                     ) **Assigned to the**
                        Plaintiff,   ) **Honorable Jeffrey S. White,**
14 |                                     ) **United States District Court Judge**
vs.                                 ) **Ctrm 2, 17th Floor**
15 |                                     )
RMA LUMBER, INC., a Virginia        ) **MEMORANDUM OF POINTS AND**
16 | corporation; ROBIN M. ALLEN, an    ) **AUTHORITIES IN SUPPORT OF MOTION**
individual                          ) **TO FIX THE AMOUNT OF BANK OF THE**
17 |                                     ) **WEST'S ATTORNEYS' FEES AS COSTS**
                                    )
18 |                                     ) **Local Rule 54-6**
                                    ) **Civil Code §§ 1717 and**
19 |                     Defendants.  ) **2983.4, California Code of Civil**
                                    ) **Procedure § 1033.5(10)(A),**
20 |                                     )
                                    )
21 | _____ )

22 | 1.        <u>**INTRODUCTION AND BACKGROUND**</u>.

23 |         Plaintiff filed this action to recover money and personal

property due it under an equipment financing agreement with the

24 | defendant RMA Lumber, Inc. and the guaranty of that obligation by its

25 | president, Robin M. Allen on December 26, 2007.  Both defendants were

26 | personally served with the action and following the time within which

27 |

28 | MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO FIX THE
AMOUNT OF BANK OF THE WEST'S
ATTORNEYS' FEES AS COSTS

                                    1

1  they were permitted to respond their default was entered on March 12,

2  2008.

3        Defendants have not otherwise appeared and this motion may

4  be heard on an ex parte basis.  See Clifton v. Tomb 21 F.2d 893, 897

5  (4th Cir. 1927), Hawaii Carpenters' Trust Funds v. Stone 794 F.2d 508,

6  512 (9th Cir. 1986) and see generally, Schwarzer, Wallace, Tashima &

7  Wagstaffe, California Practice Guide: Federal Civil Procedure Before

8  Trial (Rutter 2008) ¶¶ 6:39-6:42 and F.R.Civ.P.55.

9        The Court entered its initial default judgment on June 17,

10  2008, and an amended default judgment was entered on June 19, 2008.

11  Both the equipment financing agreement and the personal guaranty of

12  that obligation provide for the recovery of attorneys' fees in

13  addition to costs in the event that an action such as this one is

14  brought.  Both the equipment financing agreement and the guaranty

15  incorporate the law of the State of California.  Under California Law,

16  attorneys' fees pursuant to contract are recoverable pursuant to

17  California Civil Code § 1717.  For the Court's ready reference those

18  two contracts are attached as Exhibits to the Declaration of James T.

19  Reed, Jr.  Those documents were also exhibited to the complaint

20  herein, as well as the Declaration of Melvin Arterberry, the Bank's

21  custodian of records and vice president of this file who authenticated

22  those documents in support of the default judgment entered herein.

23        Bank of the West prevailed on its claims asserted against

24  the defendants on the contracts it sued on upon.  As more fully set

25  forth below, Bank of the West is entitled to recover its attorneys'

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES
    IN SUPPORT OF MOTION TO FIX THE
    AMOUNT OF BANK OF THE WEST'S
    ATTORNEYS' FEES AS COSTS

1  fees and request that the Court fix its fees in the amount of

2  $11,529.00 as itemized in the declaration of James T. Reed, Jr.

3

4  2.        **CALIFORNIA CIVIL CODE § 1717 AUTHORIZE THE AWARD OF**

5            **ATTORNEYS' FEES TO BANK OF THE WEST.**

6            The procedure under state law regarding the award of

7  attorneys' fees in an action on a contract is a two step process in

8  which the Court first determines which party is the prevailing party

9  and then the amount of attorneys' fees to be awarded.

10           Plaintiff requested attorneys' fees in its complaint both on

11 the equipment financing agreement, as well as the guaranty of that

12 obligation.  Both documents contain a provision for attorneys' fees

13 which is interpreted under California Authorities as being awardable

14 to which ever party prevails.  See Santisas v. Goodin (1998) 17

15 Cal.4th 599 and Pacific Custom Pools, Inc. v. Turner Construction

16 Company (2000) 79 Cal.App.4th 1254.  See also, Frank M. Booth, Inc. v.

17 Reynolds Metals Company 754 F.Supp.1441 (E.D.Cal. 1991).

18           Bank of the West was unquestionably the prevailing party in

19 this action having obtained judgment in its favor on each claim for

20 relief asserted.  Accordingly, it is entitled to the recover of its

21 attorneys' fees, which should be included in the judgment herein.  In

22 paragraph 3, Bank of the West's request for attorneys' fees is

23 reasonably based.

24           Bank of the West has itemized the attorneys' fees it has

25 expended in the protection of its rights under the contracts.  The

26 itemization by its counsel reflects that the attorneys' fees incurred

27

28 MEMORANDUM OF POINTS AND AUTHORITIES
   IN SUPPORT OF MOTION TO FIX THE
   AMOUNT OF BANK OF THE WEST'S
   ATTORNEYS' FEES AS COSTS

1    were necessitated by the issues and time involved in the pursuit of

2    this matter.  See Honey Baked Hams, Inc. v. Dickens (1995) 37

3    Cal.App.4th 421, 429.  California courts have adopted the "lodestar"

4    approach in evaluating the reasonableness of fees, which includes

5    reviewing the hours involved, as well as the prevailing rates for work

6    done by attorneys in similar matters and include the attorneys' skill

7    and experience, which may be taken into consideration.  PLCM Group,

8    Inc. v. Drexler (2000) 22 Cal.4th 1084, 1095 and Ketchem v. Moses

9    (2001) 24 Cal.4th 1122, 1139.

10           Here, the attorneys' fees sought in the amount of $11,529.00

11   are not unreasonable given the nature of the issues and the time

12   involved in the protection of the Bank's interest and the results

13   obtained.  Bank of the West secured a judgment against the defendants

14   and the fees amount to much less than ten percent of the amount in

15   controversy.  Naturally, defendants could have resolved this matter

16   earlier by taking Bank of the West up on its offer to resolve the

17   matter and its correspondence of December 7, 2007, as well as its

18   post-suit offer to counsel for the defendants dated January 29, 2008,

19   copies of which are attached as Exhibits 3, 4, and 5 to the

20   Declaration of James T. Reed, Jr.

21   ///

22

23

24

25

26

27

28   MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO FIX THE
AMOUNT OF BANK OF THE WEST'S
ATTORNEYS' FEES AS COSTS

4

1  **4.**        <u>CONCLUSION</u>.

2           Unquestionably, Bank of the West is the prevailing party in

3  this action.  It reasonably and necessarily incurred fees in the

4  pursuit of this matter and although attempting to resolve the matter

5  prior to instituting litigation and thereafter, the defendants did not

6  choose to resolve the matter.  Accordingly, Bank of the West is

7  entitled to its attorneys' fees in the amount of $11,529.00.

8

9                                    HOOD & REED

10

11 Dated:    July 1, 2008            By:_____
                                         JAMES T. REED, JR.
12                                       Attorneys for Plaintiff
                                         BANK OF THE WEST
13 (JTR:amc)
   FEE.P&A

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 MEMORANDUM OF POINTS AND AUTHORITIES
   IN SUPPORT OF MOTION TO FIX THE
   AMOUNT OF BANK OF THE WEST'S
   ATTORNEYS' FEES AS COSTS
                                         5

```
 1   HOOD & REED
     18141 Beach Blvd., Suite 390
 2   Huntington Beach, CA   92648-5611
     Attn:  James T. Reed, Jr., Bar No. 116933
 3

 4   (714)  842-6837

 5   Attorneys for Plaintiff
     BANK OF THE WEST
 6

 7

 8                   UNITED STATES DISTRICT COURT

 9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12   BANK OF THE WEST, a California    )  CASE NO. C 07-06469 JSW
     corporation,                      )
13                                     )  Assigned to the
                        Plaintiff,     )  Honorable Jeffery S. White,
14                                     )  United States District Court Judge
     vs.                               )  Ctrm 2, 17th Floor
15                                     )
     RMA LUMBER, INC., a Virginia      )  DECLARATION OF JAMES T. REED, JR.
16   corporation; ROBIN M. ALLEN, an   )  IN SUPPORT OF MOTION FOR AWARD OF
     individual                        )  ATTORNEYS' FEES
17                                     )
                                       )  L.R. 54-6 and 7-10
18                      Defendants.     )
     _____)
19

20            I, James T. Reed, Jr., declare:

21            1.   I am an attorney duly licensed to practice law in the

22   State of California and I am admitted to practice before the United

23   States District Court for the Northern District of California.  The

24   facts contained in this declaration are personally known by me to be

25   true and if called to do so I could and would competently testify,

26   thereto.

27

28
     ─────────────────────
     DECLARATION OF JAMES T. REED, JR.
     IN SUPPORT OF MOTION FOR AWARD OF
     ATTORNEYS' FEES
                                       1
```

1       2.   I am the attorney responsible for the prosecution of

2 this action and was involved in the preparation of the pleadings

3 herein and related correspondence with defendants and defendants' non-

4 appearing counsel in Virginia.  The contract documents sued upon, the

5 equipment financing agreement and guaranty are Exhibits 1 and 2 to the

6 complaint and attached herewith as Exhibits 1 and 2 contain a

7 provision for the recovery of attorneys' fees in any action brought

8 pursuant thereto such as this civil action.

9       3.   Prior to and shortly after the institution of this

10 litigation, plaintiff sought to resolve this collection matter with

11 the defendants.  Attached as Exhibits 3 and 4 are my letters to Robin

12 M. Allen both as president of RMA Lumber, Inc. and individually as a

13 guarantor of her corporation's debt dated December 7, 2007.  Neither

14 the corporation nor Ms. Allen responded although after the suit was

15 filed, I was contacted by an attorney, Daniel Rutherford, from

16 Virginia, who, while not appearing in this action, was not able to

17 provide any type of reasonable offer of payment of the debt due or

18 return of possession of the financed equipment.  Attached as Exhibit 5

19 is a true and correct copy of January 29, 2008 letter to Mr.

20 Rutherford.

21       4.   Defendants' defaults were entered on March 12, 2008 and

22 they have not otherwise appeared.  Accordingly, it is appropriate to

23 proceed ex part upon this motion because the defendants are not

24 entitled to notice.  See e.g. Hawaii Carpenters' Trust Funds v. Stone

25 794 F.2d 508, 512 (9th Cir. 1986) and F.R.Civ.P 55.

26       5.   The following constitute all of the time entries

27 expended by me and for paralegal services by this office in this

28

DECLARATION OF JAMES T. REED, JR.
IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES

1  matter.  Each of the activities taken and described hereinbelow are

2  reasonably necessary.  The fees were reasonably incurred by Bank of

3  the West in the enforcement of the obligations due it.

4           6.   I have been licensed to practice law beginning in

5  November 1978 in the State of Tennessee and in 1984 in the State of

6  California.  Accordingly, I have more than 29 years experience as an

7  attorney.  I am an AV rated lawyer by the Martindale-Hubble Law

8  Directory.  I charge $225.00 per hour which is my customary rate for

9  services of the kind rendered in this action.  The firm also charges

10  the rate of $65.00 per hour for paralegal services.  I know that these

11  rates are very reasonable and perhaps even below market rates.  The

12  following are the attorneys' fees and paralegal charges expended in

13  this matter:

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| 12/07/07 | Review and analysis of client documents re equipment financing agreement | 1.00 | 225.00 |
| 12/07/07 | Telephone conference with client re status and strategy | 0.40 | 90.00 |
| 12/07/07 | Preparation of demand and acceleration of agreement to defendant | 0.40 | 90.00 |
| 12/07/07 | Preparation of demand and tender of agreement to guarantor | 0.20 | 45.00 |
| 12/07/07 | Revise and supplement demand letters | 0.20 | 45.00 |
| 12/10/07 | Review and analysis of of correspondence to client from RMA | 0.30 | 67.50 |

| | | | |
|---|---|---|---|
| 12/10/07 | Telephone conversation with client re demand letters | 0.30 | 67.50 |
| 12/10/07 | Review and analysis of issues re U.S. District Court filing and telephone conversation with client re same | 0.40 | 90.00 |
| 12/13/07 | Telephone conference with client re status and strategy | 0.30 | 67.50 |
| 12/13/07 | Preparation of correspondence to client re claims and defenses asserted by defendants and strategy | 0.50 | 112.50 |
| 12/13/07 | Preparation of initial draft of complaint | 2.00 | 450.00 |
| 12/14/07 | Preparation of correspondence to client re complaint | 0.30 | 67.50 |
| 12/14/07 | Review and analysis of authorities re venue and substantive claims | 0.50 | 112.50 |
| 12/14/07 | Supplement and finalize complaint | 1.60 | 360.00 |
| 12/17/07 | Paralegal Services - preparation of correspondence to court; preparation of exhibits, summons and complaint for filing | 0.50 | 32.50 |
| 12/18/07 | Telephone conversation with client re litigation strategy and status; finalize complaint for filing | 0.30 | 67.50 |
| 12/26/07 | Paralegal Services - research status of case online | 0.10 | 6.50 |
| 12/27/07 | Paralegal Services - conversation with attorney service re | 0.60 | 39.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| | personal service in Virginia; preparation of instructions for service; preparation of summons and complaint for service | | |
| 1/02/08 | Telephone conversation with client re status and strategy | 0.20 | 45.00 |
| 1/03/08 | Paralegal Services - conversation with Attorney Service | 0.30 | 19.50 |
| 1/08/08 | Paralegal Services - conversation with attorney service re status of service | 0.20 | 13.00 |
| 1/09/08 | Paralegal Services - conversation with attorney service re status of service | 0.10 | 6.50 |
| 1/15/08 | Telephone conversation with client re message from counsel | 0.20 | 45.00 |
| 1/16/08 | Paralegal Services - conversation with attorney service re proof of service of RMA and Allen | 0.10 | 6.50 |
| 1/17/08 | Emails from client with attachment | 0.20 | 45.00 |
| 1/22/08 | Paralegal Services - conversation with attorney service re proof of service delivery | 0.10 | 6.50 |
| 1/25/08 | Telephone conversation with defendants re follow up on status | 0.20 | 45.00 |
| 1/29/08 | Preparation of correspondence to defendants' counsel | 0.30 | 67.50 |
| 1/29/08 | Telephone conference with client | 0.20 | 45.00 |

DECLARATION OF JAMES T. REED, JR.
IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| 1/31/08 | Telephone conversation with defendants' counsel re no opposition to default and realistic settlement | 0.20 | 45.00 |
| 1/31/08 | Telephone call to client re same | 0.10 | 22.50 |
| 2/01/08 | Paralegal Services - telephone call to Judge's clerk re filing default and procedures; reschedule filing | 0.40 | 26.00 |
| 2/01/08 | Preparation of declaration re default | 1.10 | 247.50 |
| 2/01/08 | Preparation of Clerk's Default | 1.00 | 225.00 |
| 2/01/08 | Revise entry of Default | 0.50 | 112.50 |
| 2/06/08 | Paralegal Services - telephone conversation with attorney Service re files; preparation of proof of service and served default documents | 0.50 | 32.50 |
| 2/07/08 | Paralegal Services - telephone conversation with Court Clerk re chambers copies; preparation of correspondence to Court Clerk and documents to Court | 0.20 | 13.00 |
| 2/07/08 | Transmit Default papers to Court | 0.30 | 67.50 |
| 2/28/08 | Paralegal Services - conversation with Court Clerk re Default | 0.20 | 13.00 |
| 3/03/08 | Email to Federal Court re Default | 0.10 | 22.50 |
| 3/06/08 | Initial preparation of Default Judgment documents | 1.50 | 337.50 |
| 3/07/08 | Telephone conversation | 0.30 | 67.50 |

| | | | | |
|---|---|---|---|---|
| 3/07/08 | Review and analysis of Docket and status | 0.40 | | 90.00 |
| 3/07/08 | Preparation of consent to appear before Magistrate | 0.30 | | 67.50 |
| 3/07/07 | Paralegal Services - conversation with Court Clerk re Default Judgment | 0.20 | | 13.00 |
| 3/11/08 | Submit consent to Court re proceed before Magistrate | 0.30 | | 67.50 |
| 3/11/08 | Review and analysis of status online | 0.20 | | 45.00 |
| 3/17/08 | Revise Default Judgment documents | 0.70 | | 157.50 |
| 3/17/07 | Preparation of Order for entry of Default Judgment | 0.40 | | 90.00 |
| 3/17/07 | Preparation of correspondence to client with proposed declaration | 0.20 | | 45.00 |
| 3/17/07 | Review and analysis of accounting from client | 0.20 | | 45.00 |
| 3/18/08 | Finalize Judgment and Order | 0.50 | | 112.50 |
| 3/18/08 | Telephone conversation with client re same | 0.10 | | 22.50 |
| 3/18/08 | Paralegal Services - assemble exhibits for Default packet | 0.50 | | 32.50 |
| 3/20/08 | Paralegal Services - preparation of proof of service and serve judgment documents | 0.50 | | 32.50 |

with client re default and Default Judgment

| Date | Description | Hours | Amount |
|---|---|---|---|
| 3/25/08 | Transmittal of Order and Default Judgment to Court | 0.20 | 45.00 |
| 3/25/08 | Telephone call to Clerk of Court re Case Management Conference | 0.10 | 22.50 |
| 3/25/08 | Submit Case Management Conference letter to Court | 0.20 | 45.00 |
| 3/25/08 | Paralegal Services - preparation of proof of service of order continuing case management conference for filing and service | 0.30 | 19.50 |
| 3/26/08 | Review and analysis of Court's Order re case management conference and case management statement, and Court's standing order re Joint Case Management Statement | 0.40 | 90.00 |
| 4/18/08 | Review and analysis of Court's Order and email to client re same | 0.50 | 112.50 |
| 4/18/08 | Telephone conversation with client re accounting information | 0.20 | 45.00 |
| 4/21/08 | Review and analysis of additional accounting documents | 0.40 | 90.00 |
| 4/21/08 | Telephone conference with client | 0.20 | 45.00 |
| 4/22/08 | Review and analysis of accounting reconciliation | 1.20 | 270.00 |
| 4/22/08 | Telephone conversation with client re accounting reconciliation | 0.40 | 90.00 |
| 4/23/08 | Review and analysis of documents | 2.50 | 562.50 |

| | | | |
|---|---|---|---|
| 4/23/08 | Preparation of additional declaration | 1.00 | 225.00 |
| 4/24/08 | Paralegal Services - preparation of exhibits to supplement declaration | 0.30 | 19.50 |
| 4/24/08 | Revise and supplement declaration; further review of accounting documents | 3.00 | 675.00 |
| 4/24/08 | Telephone conversation with client re same | 0.50 | 112.50 |
| 4/24/08 | Additional review and analysis of client accounting documents | 1.80 | 405.00 |
| 5/08/08 | Review and analysis of order re request for additional evidence and briefing and forward same to client | 0.30 | 67.50 |
| 5/08/08 | Telephone conversation with client re calculation of applied interest formula | 0.30 | 67.50 |
| 5/13/08 | Review and analysis of email information and reply to same | 0.60 | 135.00 |
| 5/13/08 | Telephone conversation with client re supplemental declaration to be provided and deadline | 0.40 | 90.00 |
| 5/14/08 | Preparation and revise and finalize supplemental declaration and supplemental brief; review and analysis of client's documents/ exhibits | 4.50 | 1,012.50 |
| 5/14/08 | Preparation of correspondence to court re continuance of CMC | 0.30 | 67.50 |
| 5/14/08 | Telephone conference with client re case status | 0.40 | 90.00 |
| 5/14/08 | Review and analysis of | 0.50 | 112.50 |

|   | | | |
|---|---|---|---|
| | | additional documents and review of accounting issues for finalizing of declaration | | |
| 5/15/08 | Preparation of correspondence to client | 0.30 | 67.50 |
| 5/15/08 | E-filing/transmittal of declaration and brief to Court and telephone conference with client re same | 0.40 | 90.00 |
| 5/18/08 | Preparation of motion for Fees | 0.50 | 112.00 |
| 5/18/08 | Initial Preparation of Declaration re Fees | 0.50 | 112.50 |
| 5/18/08 | Preparation of Ex Parte to allow telephonic appearance at Case Management Conference | 1.50 | 337.50 |
| 5/29/08 | Review and analysis of Court's recommendation re Default Judgment | 0.40 | 90.00 |
| 5/30/08 | Paralegal Services - preparation of fax memorandum to client; research re case reassignment | 0.20 | 13.00 |
| 6/16/08 | Review and analysis of order and judgment | 0.30 | 67.50 |
| 6/16/08 | Telephone conference with court room deputy re error in judgment | 0.30 | 67.50 |
| 6/16/08 | Administrative motion to correct judgment | 1.00 | 225.00 |
| 6/16/08 | Preparation of revised judgment and order granting motion | 0.30 | 67.50 |
| 6/18/08 | Revise and supplement motion and orders | 0.50 | 112.50 |
| 6/19/08 | Transmit proposed orders | 0.20 | 45.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| | to United States District Court | | |
| 6/19/08 | Revise and supplement fee motion and Declaration in support of fees | 1.50 | 337.50 |
| 6/19/08 | Telephone conference with client re status of new order/judgment omits personal property description and discussed enforcement strategy | 0.30 | 67.50 |
| 6/20/08 | Preparation of memorandum of points and authorities in support of motion for fees | 1.50 | 337.50 |
| 6/20/08 | Supplement Declaration in support of fee motion | 0.50 | 112.50 |
| 6/23/08 | Preparation of Memorandum of Points and Authorities re fee motion | | |
| 6/30/08 | Review and analysis of Rules re ex parte and finalize fee motion | 1.50 | 337.50 |
| | | **Total:** | **$11,529.00** |

6.    Counsel have not meet and conferred with respect to resolving disputes presented by this motion for attorneys' fees because the defendants are in default and no "issues" have been raised.  Although we have provided the defendants, as well as their local attorney in Virginia with courtesy copies of plaintiff's moving papers.

1          I declare under penalty of perjury under the laws of the

2    United States of America that the foregoing is true and correct this

3    July ___, 2008.

4    _____

                    JAMES T. REED, JR.

5                        Declarant

6    (JTR:amc)FEE.DEC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAMES T. REED, JR.
IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES

                        12

Rev. 04/20/2006

## EQUIPMENT FINANCING AGREEMENT NO.: 0838870-001

**Trinity, A Division of Bank of the West**
475 Sansome Street, 19th Floor, San Francisco, CA 94111-3112
Telephone: 800-341-4433    Fax: 415-956-5187

PHONE:    434-983-3743

**BORROWER:**    RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936

PHONE:    803-936-9990

**SUPPLIER:**    PIONEER MACHINERY LLC
3239 SUNSET BLVD.
WEST COLUMBIA, SC 29169

**EQUIPMENT:**    See Exhibit A attached and made a part hereof.

**PAYMENT TERMS:**
Principal Amount:    $555,350.00
Commencement Date of Payments:    6-1-06    (To be filled in per Paragraph 2 below)
Financing Term (number of months):    60, plus any extensions and renewal periods
Number of Monthly Payments due in advance:    0 (First and Last: 0 )
Monthly Payment amount:    $11,390.23, tax exempt
Security Deposit, if any:    N/A

─────────────TERMS AND CONDITIONS─────────────

This equipment financing agreement (herein referred to as the "Agreement") has been written in plain English. The words "you" and "your" herein refer to the Borrower listed above. The words "we", "us" and "our" refer to Trinity, A Division of Bank of the West as lender. All other capitalized terms used herein shall have the meaning ascribed to them as listed above.

**1. Purpose of Financing.** This transaction is entered into for the purpose of financing your purchase of certain equipment (and applicable software, if any) from the Supplier, as described on the attached Exhibit A which is made a part of this Agreement. Such equipment and software will herein be referred to as the "Equipment". You hereby authorize Supplier to provide us with the invoice for the Equipment and you authorize us to pay Supplier's invoice upon your receipt of the Equipment. Our act of paying Supplier's invoice for the Equipment shall constitute the funding of this transaction under the terms of this Agreement.

**2. Term and Payment.** For value received, you promise to pay to us the Principal Amount listed above plus interest, to be paid in monthly installments ("Payments") according to the Payment Terms shown above. Any Payments shown above as required in advance shall be due before we fund this transaction. Subsequent Payments shall become due on a consecutive monthly basis thereafter starting on the first day of each month after funding this transaction if funded on the 1st through the 14th day of the month or starting on the fifteenth day of each month if funded on the 15th through the 24th day of the month or starting on the 25th of each month if funded on the 25th through the last day of the month, until the end of the Financing Term referenced above. All Payments shall be applied first to interest and then to principal.

**3. Disclaimer of Warranties.** This Equipment and the Supplier of the Equipment have been selected by you based on your own judgment. By executing this Agreement, you request us to order the Equipment, arrange for its delivery to you and pay for the Equipment upon your receipt of it. You acknowledge that we do not manufacture, deliver or install the Equipment and we do not represent the Supplier(s) of the Equipment. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE MERCHANTABILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. WE MAKE NO WARRANTY OF TITLE TO ANY SOFTWARE, SOFTWARE LICENSES AND/OR THE RIGHT TO USE ANY SOFTWARE. You agree not to make any claim for any reason against us for consequential damages. You acknowledge you have been advised that you may have rights against the supplier(s) of the Equipment and that you should contact each supplier for a description of any such rights. So long as this Agreement is not in default, we assign to you any warranties received by us in connection with the Equipment.

**4. Governing Law.** You agree that this Agreement shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this agreement, shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court.

**5. Agency.** You agree that no salesperson or representative of any manufacturer or Supplier is acting on behalf of us and/or can bind us in any way.

YOU AGREE TO ALL OF THE TERMS AND CONDITIONS ABOVE AND ON PAGE 2 OF THIS AGREEMENT AND ON ANY ATTACHED SUPPLEMENTS AND EXHIBITS WHICH ARE PART OF THIS AGREEMENT. THIS IS A NON-CANCELABLE AGREEMENT FOR THE FULL FINANCING TERM.

**LENDER**
Trinity, A Division of Bank of the West

This Agreement shall not be binding on us until it has been accepted and executed by the Lender at its San Francisco, CA office.

Signature: _____

Title: _____VP_____

Date: ___6·1·06___

**BORROWER**
RMA LUMBER, INC.

The undersigned affirms that he/she is a duly authorized corporate officer, partner or proprietor of the above named Borrower.

Signature: _____

Title: ___VP___

Date: ___5-23-06___

Borrower Tax ID #: ___54-1245540___

Page 1 of 2

ORIGINAL

# EXHIBIT 1

Continued from Page 1

EQUIPMENT FINANCING AGREEMENT NO.: 0838870-001
between Trinity, A Division of Bank of the West (Lender)
and RMA LUMBER, INC. (Borrower)

**6. Late Charges.** Time is of the essence. If any Payment or other amount due under this Agreement is not paid in full within 5 days after its due date, you agree to promptly pay a late charge of 10% of the past due amount, subject to a $25 minimum, for those amounts under 30 days past due, plus interest on any amounts over 30 days past due at the rate of 1.5% per month. However, you acknowledge that it is not your intent to pay and it is not our intent to charge any rate hereunder that exceeds the maximum allowed under law. Should any rate charged hereunder be found by court of competent jurisdiction to exceed such maximum, then in that event only, such rate will be reduced to the legally permitted maximum rate and any excessive charges or amounts paid by you, above what you would have paid as per the legally permitted maximum rate, will be applied as a credit to the remaining balance of your obligations to us.

**7. Equipment Maintenance.** You are responsible, at your expense, to maintain the Equipment in good working order. If any Equipment is damaged, missing or does not work satisfactorily for any reason, you agree to continue to pay all Payments when they become due.

**8. Indemnity.** You agree that we are not responsible for any losses or injuries caused in connection with the Equipment. You agree to indemnify us for and, at our option and your expense, defend us against any claims, suits and actions, including negligence and strict liability, whenever made for losses or injuries related to this Equipment.

**9. Taxes and Fees.** You agree to pay when due, either directly or to us upon our demand, any taxes, filing fees, license fees, interest and penalties relating to this Agreement and the Equipment. If we pay any of these amounts you agree to reimburse us upon demand and pay to us a $25.00 service charge. You agree to pay to us a documentation fee of $250.00 to cover our costs of preparing this Agreement. You shall pay to us a fee of $20.00 for every check that is returned to us as unpaid by your bank.

**10. Risk of Loss.** You are responsible for any loss or damage to the Equipment and/or caused by the Equipment. You agree to immediately notify us of any such losses or damages and of any insurance claims pertaining to the Equipment. If the Equipment is missing, stolen or damaged, you will, at our option and at your expense, promptly repair the Equipment to our satisfaction, replace the Equipment with equipment of equal purpose and value or pay to us any then due amounts under this Agreement, b) the outstanding simple interest balance of the Principal Amount assuming timely Payments and a year of 12 months of 30 days each and c) 5% of that balance.

**11. Insurance.** At your expense you agree to keep the Equipment fully insured against loss until your obligations under this Agreement are paid in full, with Trinity, A Division of Bank of the West named as loss payee. You also agree to obtain a public liability insurance policy that is acceptable to us and to include us as an insured on that policy. You agree to provide us with satisfactory evidence of the required insurance upon our request. If you fail to obtain any of the required insurance and we obtain it for you, you agree to pay us the cost of that coverage plus any lessor servicing fees and interest. You also acknowledge that such insurance shall cover our interests only and will not include any lessee liability coverage. Nothing in this Agreement will create an insurance relationship of any kind between us and any other party. You acknowledge that we are not required to maintain any insurance and we will not be liable to you if we terminate or modify any insurance coverage that we may arrange. You agree that we may sign, endorse and/or negotiate, on your behalf as attorney-in-fact for you, any instrument representing proceeds from any insurance policy claim covering the Equipment.

**12. Assignment.** You may not sell, transfer, assign or subrent the Equipment or this Agreement without our advance written consent and payment to us of an assignment processing fee. You agree that we may sell or assign this Agreement without notice to you, and that our assignee shall have all of our rights under this Agreement. You agree that the rights of our assignee will not be subject to any claims, defenses or setoffs that you may have against us.

**13. Default and Remedies.** You are in default if a) you fail to pay any Payment when due; b) you or your affiliate fail to comply with any requirement of this Agreement or any requirement of any other agreement with us and/or with Supplier, and/or with any requirement of any license agreement, system support agreement, mandatory maintenance agreement or installation agreement pertaining to the Equipment; c) any warranty, representation or statement made or furnished to us by or on behalf of you in connection with any obligation or liability hereunder or to induce us to enter into this transaction is proven to have been false, in any material respect when made or furnished; d) the entry of any material judgment against, or the assessment and/or filing of any tax lien against, or the issuance of any writ of garnishment or attachment against you or any of your property; e) your death, incompetency, dissolution, termination of existence, change of controlling ownership, insolvency, or business failure or cessation of your business; f) the appointment of a receiver of or the assignment for the benefit of creditors for all or any part your property; the commencement of bankruptcy or insolvency proceedings under any law by or against you or any guarantor of your obligations hereunder; and/or g) our reasonable and uniform determination, in good faith, that the prospect of payment or other performance by you is materially impaired. Upon such default, we may, at our option, do one or more of the following: a) require you to immediately pay the casualty payoff described in Section 10 in this Agreement; b) terminate this Agreement and/or any other agreements we have entered into with you; c) require you to immediately stop using the Equipment and return the Equipment to us in good condition; d) peacefully enter onto your premises and take possession of the Equipment without liability to you for trespass or damages; e) deactivate the Equipment; and/or f) use any other remedies available to us at law or in equity. You agree that any delay or failure by us to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees and the costs of repossessing, storing, refurbishing and selling the Equipment.

**14. Security Interest.** In order to secure your obligations to us under this Agreement, you grant to us a security interest in the Equipment, including all substitutions and additions. You agree that the Equipment will remain personal property regardless of its attachment to realty and you agree to keep the Equipment at an appropriate and safe location that is satisfactory to us. You agree to keep the Equipment clear of all liens and encumbrances except those provided for in this Agreement. You agree to use the Equipment for commercial purposes and in a manner pertaining to its intended use and in compliance with applicable law.

**15. Miscellaneous.** You agree that this Agreement is the entire agreement you have with us pertaining to this Equipment and it cannot be changed except as agreed by you and us in writing. You agree, however, that we are authorized, without notice to you, to supply missing information or correct obvious errors in this Agreement. You agree that the Principal Amount and the Payment amount may be adjusted to reflect any change in the Equipment cost as a result of any Equipment change orders, add-ons, returns, errors or other similar events verbally agreed to by you. In the event of any such adjustment, we will furnish you a written notice thereof. You agree that a signed faxed version of this Agreement shall be deemed to be of the same force and effect as an original of a manually signed Agreement. During the Financing Term and any renewal terms, you authorize us and our assigns to obtain credit bureau reports and make other credit inquiries that we determine are necessary. You agree to provide us with your updated financial statements upon our request until all of your obligations to us have been fulfilled. You hereby authorize any employee of yours to accept the Equipment and sign on your behalf an Acceptance Certificate that pertains to this Agreement. This Agreement is binding upon the successors and assigns of you and us. If there is more than one Borrower, your obligations shall be joint and several.

**16. Voluntary Prepayment.** You may want to terminate this Agreement prior to making all the scheduled Payments. If the Agreement has not been in default and the initial 12 Payments have been received by us, you may prepay the Agreement by paying us the casualty payoff described in Section 10 of this Agreement.



Rev: 04/20/2006

**Exhibit A**
to Equipment Financing Agreement No. <u>838870</u>
between Trinity, A Division of Bank of the West (Lender) and
RMA LUMBER, INC. (Borrower).

.                                          .

**Equipment Location:**
295 BELMONT LANE
DILLWYN, VA 23936

| EQUIPMENT: QTY | DESCRIPTION | UNIT COST | $AMOUNT |
|---|---|---|---|
| 1 | PETERSON 6700B GRINDER S/N 31V-54-1305 | | $615,000.00 |
| | CAT 3412 18" DISK CLUTCH, IRS HYDRAULICS | | |
| | TRINITY DOCUMENTATION FEE | | $250.00 |
| | PIONEER ADMINISTRATIVE FEE | | $100.00 |
| | LESS TRADE IN | | -60,000.00 |
| | **EQUIPMENT TOTAL** | | $555,350.00 |

ORIGINAL

RE: EQUIPMENT FINANCING AGREEMENT NO.: 08388~0-001

BORROWER: RMA LUMBER, INC.
295 BELMONT LANE
DILLWYN, VA 23936

## PERSONAL GUARANTY

This guaranty ("Guaranty") has been written in plain English. The words "Agreement" and "Borrower" herein refer to the Equipment Financing Agreement and borrower referenced above, respectively. The words "you" and "your" refer to the guarantors listed below. The words "we", "us" and "our" refer to the lender, Trinity, A Division of Bank of the West.

In consideration of us providing any present or future financing of any nature to the Borrower, including but not limited to entering into the Agreement, you unconditionally guaranty (jointly and severally if more than one) in favor of us, our successors and assigns, any and all indebtedness of Borrower to us, whether now existing or subsequently entered into, including but not limited to Borrower's performance of all of its obligations under the Agreement and all other agreements previously or subsequently entered into between us and Borrower. You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty. You waive all notice of acceptance of this Guaranty and any demands and/or notices of any kind, including those of any action or non-action of Borrower, us or any other party. Without affecting your liability, you authorize us to renew, compromise, waive and/or alter our rights against Borrower and/or any financed property. You waive all rights to seek repayment from Borrower in the event you must pay us under this Guaranty. You also agree that we have the right, at our option, to assign this Guaranty and/or any financing transaction between us and Borrower, including the Agreement, to any other party at any time.

You acknowledge that you have received a copy of the Agreement and understand its terms and conditions. You agree that upon any default of Borrower, we may, at our option, proceed directly and at once, without notice, against you to collect and recover the full amount you have guaranteed, or any portion of that amount, without proceeding against Borrower or any other person, and without exercising any other remedy available to us. This Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that any and all payments due from you under this Guaranty shall be payable to us in U.S. dollars at our offices listed in San Francisco, California, or at some other location that we may specify in writing.

You agree that this Guaranty shall be governed by the laws of the State of California. You agree that any litigation, related to or arising from this guaranty shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court. You agree that this Guaranty is the entire agreement with us pertaining to your guaranty of the obligations described herein and it cannot be changed except with our advance written consent. You authorize us or our assignee to obtain credit bureau reports regarding your personal credit until all of your obligations to us have been fulfilled. You agree that a signed faxed version of the Agreement, Acceptance Certificate and Guaranty shall be deemed to be of the same force and effect as an original of a manually signed Agreement , Acceptance Certificate and Guaranty, respectively. You agree that any failure or delay by us to enforce our rights under this Guaranty does not prevent us from enforcing any rights at a later time.

GUARANTOR: ROBIN ALLEN

Signature: _____

Home Address: P.O Box 471

Dillwyn VA 23936

Home Phone: 434 983 3743

Cell Phone: 434 315 3082

Fax Number: 434 983 5051

Social Security #: 229 19 5033

Date: 6-22-06

**EXHIBIT 2**

# HOOD & REED
## ATTORNEYS AT LAW
### 18141 Beach Boulevard, Suite 390
### Huntington Beach, California 92648
### Tel 714.842.6837 Fax 714.841.6216

**Via UPS Overnight**                December 7, 2007

Robin M. Allen, President
RMA Lumber, Inc.
295 Belmont Lane
Dillwyn, VA 23936

re:  <u>Bank of the West - RMA Lumber, Inc.</u>

Dear Ms. Allen:

This office has been engaged by Bank of the West with respect to the equipment financing agreement between it and RMA Lumber, Inc.

The equipment financing agreement is in default for the failure to make the monthly payment due September 1, 2007, and each subsequent installment.  Bank of the West provided you with its demand for payment and provided an opportunity to cure the defaults under the equipment financing agreement by its letter dated October 31, 2007.

No payments have been made and Bank of the West hereby accelerates the balance due under the equipment financing agreement and declares the entire balance now due and owing.  The total amount due as of December 7, 2007 is $490,178.43, which includes principal of $469,760.64, accrued interest of $10,077.59, and late charges of $10,340.20.  Interest accrues on this amount at the rate of $102.83 per day, thereafter.

If payment of the total amount due is not made within ten days of the date of this letter, Bank of the West will take further steps to protect its interest, which will including filing a civil action to enforce the equipment financing agreement.

You need to be aware of the fact that the equipment financing agreement contains a provision for the recovery of attorneys' fees. Accordingly, it would make sense to pay the balance owed at this point to avoid that additional liability.

**EXHIBIT 3**

Robin M. Allen, President
RMA Lumber, Inc.
December 7, 2007
Page 2


Should you have any questions regarding the acceleration of the
equipment financing agreement or the demand herein, please do not
hesitate to contact me or have your attorney do so.

Very truly yours,

HOOD & REED

James T. Reed, Jr.

JTR:amc
cc: client
ALLEN.01

**HOOD & REED**
ATTORNEYS AT LAW
18141 Beach Boulevard, Suite 390
Huntington Beach, California 92648
Tel 714.842.6837 Fax 714.841.6216

December 7, 2007

Robin M. Allen
P.O. Box 471
Dillwyn, VA 23936

re: <u>Bank of the West - RMA Lumber, Inc.</u>

Dear Ms. Allen:

This office has been engaged by Bank of the West with respect to the equipment financing agreement between it and RMA Lumber, Inc. and your personal guaranty of that obligation.

The equipment financing agreement is in default for the failure to make the monthly payment due September 1, 2007, and each subsequent installment. Bank of the West provided its demand for payment by its letter dated October 31, 2007.

No payments have been made and Bank of the West has accelerated the balance due under the equipment financing agreement and declares the entire balance now due and owing. The total amount due as of December 7, 2007 is $490,178.43, which includes principal of $469,760.64, accrued interest of $10,077.59, and late charges of $10,340.20. Interest accrues on this amount at the rate of $102.83 per day, thereafter.

If payment of the total amount due is not made within ten days of the date of this letter, Bank of the West will take further steps to protect its interest, which will including filing a civil action to enforce the equipment financing agreement and guarantee.

You need to be aware of the fact that the equipment financing agreement and your guarantee contain a provision for the recovery of attorneys' fees. Accordingly, it would make sense to pay the balance owed at this point to avoid that additional liability.

Since you are the guarantor, of this debt, you may wish to purchase the assignment of the equipment financing agreement from Bank of the West for the amount due thereunder. Accordingly, Bank of the West tenders to you that equipment financing agreement.

**EXHIBIT** 4

Robin M. Allen, President
RMA Lumber, Inc.
December 7, 2007
Page 2


Should you have any questions regarding the acceleration of the
equipment financing agreement or the demand herein, please do not
hesitate to contact me or have your attorney do so.

                              Very truly yours,

                              HOOD & REED

                              James T. Reed, Jr.

JTR:amc
cc: client
ALLEN.02

# HOOD & REED
## ATTORNEYS AT LAW
18141 Beach Boulevard, Suite 390
Huntington Beach, California 92648
Tel 714.842.6837 Fax 714.841.6216

January 29, 2008

**Faxed to 800.947.0389
and mailed**

Daniel L. Rutherford, Esq.
571 Front Street
P.O. Box 5
Lovingston, VA 22949

re:  Bank of the West v. RMA Lumber, Inc. and Robin M. Allen
     United States District Court Case No. C 07-06469 EMC

Dear Mr. Rutherford:

As you know, this office represents Bank of the West, the plaintiff
in the above referenced action.

I am quite concerned that despite our several conversations, I have
not received a settlement offer on behalf of RMA Lumber, Inc. and
Robin M. Allen.

Under the Federal Rules of Civil Procedure, the defendants have
twenty days from the date of service to file a responsive pleading to
the complaint.  The due date for that responsive pleading is
tomorrow, January 30, 2008.

While Bank of the West would much prefer to resolve this matter in a
settled fashion; it, by the same token, must abide by the applicable
rules and prosecute this action diligently.

Unless this matter is resolved in the next few days or responsive
pleading is filed by next Monday, Bank of the West will request the
entry of the defendants' default and proceed to have judgment
entered.

Very truly yours,

HOOD & REED

James T. Reed, Jr.

JTR:amc
cc: client
RUTHERFO.01

**EXHIBIT** 5

James T. Reed, Jr.   Bar No. 116933
Hood & Reed
18141 Beach Boulevard, Suite 390
Huntington Beach, California 92648

Telephone Number 714.842.6837

Attorneys for Plaintiff
BANK OF THE WEST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BANK OF THE WEST, a California corporation | ) ) ) | Case No.: C 07-06469 JSW |
| Plaintiff, | ) ) ) | ORDER GRANTING ADMINISTRATIVE |
| vs. | ) ) | MOTION TO CORRECT JUDGMENT |
| RMA LUMBER, INC., and ROBIN M. ALLEN, | ) ) ) ) | |
| Defendants | ) ) ) | |

Upon the post-judgment ex parte motion for an award of attorneys' fees and having considered the moving papers and the entire records,

IT IS HEREBY ORDERED that the motion for an award of attorneys' fees is granted and Bank of the West is awarded attorneys' fees in the amount of $_____.

Dated: _____, 2008    _____
                           JEFFREY S. WHITE
                           UNITED STATES DISTRICT JUDGE

(PROPOSED) ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES

- 1