**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK OF THE WEST,

        Plaintiff,

    v.

RMA LUMBER, INC., *et al.*,

        Defendants.
_____/

No. C-07-6469 JSW (EMC)

**REPORT AND RECOMMENDATION RE PLAINTIFF'S EX PARTE MOTION TO FIX AMOUNT OF PLAINTIFF'S ATTORNEY'S FEES AS COSTS**

**(Docket No. 28)**

Previously, Judge White granted Plaintiff Bank of the West's motion for default judgment and judgment was entered accordingly in the Bank's favor. *See* Docket Nos. 24, 25, 27. The Bank then filed the currently pending motion for attorney's fees.[1] *See* Docket No. 28. Judge White referred the motion to the undersigned for a report and recommendation. *See* Docket No. 35. Having considered the papers submitted,[2] as well as all other evidence of record, the Court hereby recommends that the Bank's motion for fees be **GRANTED**.

**I.   DISCUSSION**

The Bank asserts that it may be awarded its attorney's fees pursuant to California Civil Code § 1717(a). That statute provides that, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded

---

[1] Although the Bank's motion is characterized as an ex parte motion, the record reflects that the Bank served the motion on Defendants. *See* Docket No. 30. In addition, this Court's briefing order on the fee motion was served by Defendants. *See* Docket No. 36-37.

[2] No opposition to the motion was filed by either Defendant.

either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a).

The first issue for the Court is whether the instant case is "[an] action on a contract." *Id.* Clearly, the breach-of-contract claim asserted against Defendant RMA Lumber, Inc. ("RMA") constitutes an action on a contract. Case law indicates that the guaranty claim asserted against Defendant Robin M. Allen, who signed the personal guaranty as guarantor, also constitutes an action on a contract. *See, e.g.*, *Sears v. Baccaglio*, 60 Cal App 4th 1136, 1159 (1998) (upholding fee award to defendant pursuant to § 1717(a) where plaintiff held liable on guaranty); *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1259 (1991) (stating that "sellers' declaratory relief lawsuit, which alleged that they had no liability to buyers due to the occurrence of certain events contemplated by the guaranties, clearly was 'an action on the contract' within the meaning of subdivision (a) of section 1717").

The next issue is whether the Equipment Financing Agreement and guaranty each specifically provides that attorney's fees incurred to enforce the contract shall be awarded. Both do. *See* Reed Decl., Ex. 1 (Equipment Financing Agreement ¶ 13) ("You agree to promptly pay all of our costs required for the enforcement of this Agreement including reasonable attorney's fees . . . ."); *id.*, Ex. 2 (Personal Guaranty) ("You promise to pay all of our expenses, including reasonable attorney's fees, incurred by us in connection with enforcing this Guaranty.").

Finally, the Court must consider whether the Bank was the prevailing party on the Equipment Financing Agreement and guaranty. Given the entry of judgment in the Bank's favor, and the award of monetary damages, the Bank was clearly the prevailing party.

Based on the above, the Court concludes that the Bank is entitled to its reasonable attorney's fees pursuant to § 1717(a). The only question remaining is what constitutes a reasonable fee. The Bank claims that it should be awarded $11,529. *See id.* ¶ 6. This fee is based on (1) hours incurred

over the period December 7, 2007, to June 30, 2008 (totaling more than 50 hours), and (2) a $225 hourly rate for attorney time and a $65 rate for paralegal time.[3] *See id.*

Based on the experience of counsel, the Court finds the attorney hourly rate reasonable. Likewise, the Court finds the paralegal hourly rate reasonable.

As for the number of hours incurred, the Court finds it, for the most part, reasonable. There are, however, some questionable time entries. For example:

- Counsel for the Bank claims that, on December 13, 2007, he incurred 0.50 hours for preparing correspondence to the Bank regarding "claims and defenses asserted by defendants and strategy." It is not clear, however, how Defendants could have asserted any claims and defenses to counsel for the Bank given counsel's representation that Defendants failed to respond to his demand letters, dated December 7, 2007, and that defense counsel did not communicate with him until after the lawsuit was filed on December 26, 2007. *See id.* ¶ 3.
- Counsel for the Bank claims that, on February 7, 2008, he incurred 0.30 hours for transmitting default papers to the Court. The docket reflects that the only document transmitted to the Court on February 7 was a proof of service. It is unlikely that it took 18 minutes to transmit this single document. Moreover, the transmission of a document is a clerical task that does not warrant an attorney billing rate of $225 per hour.[4]
- Counsel for the Bank claims that, on March 7, 2008, he incurred 0.30 hours for preparing a consent to appear before a magistrate judge and then, on March 11, 2008, incurred another 0.30 hours for submitting the consent to the Court. It should not have taken 18 minutes for counsel to sign a consent form; likewise, it should not have taken another 18 minutes simply

---

[3] The Court notes that it is appropriate for the Bank to seek all of the fees it incurred in this action, even though it asserted claims beyond breach of contract and guaranty -- *i.e.*, claims for money due and money lent. This is because the claims of money due and money lent were in essence no different from their breach-of-contract and guaranty claims. *See Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129-30 (1979) (stating that, "[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action"; but adding that, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed").

[4] There are similar problematic time entries on March 25, May 15, and June 19, 2008, for the e-filing/transmittal of papers to the Court.

to submit the consent to the Court. Moreover, the filing of a consent is a clerical task that does not warrant an attorney billing rate of $225 per hour.

Because the above examples suggest that there may have been some hours which should have been excluded and/or reduced as a matter of proper billing judgment, the Court recommends that there be a modest reduction to the fee award requested by the Bank. More specifically, the Court recommends that three hours of attorney time be excluded from the fee request.[5] Accordingly, the Court recommends that a total of $10,854[6] be awarded as fees.

## II. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Bank be awarded fees in the amount of $10,854.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: August 7, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[5] This would constitute an adjustment of less than 10% to the lodestar, well within the discretionary zone of the Court. *See Moreno v. City of Sacramento*, No. 06-15021, 2008 U.S. App. LEXIS 15951, at *7 (9th Cir. July 28, 2008) (noting that a "district court can impose a small reduction, no greater than 10 percent -- a 'haircut' -- based on its exercise of discretion and without a more specific explanation").

[6] $11,529 − (3 × $225) = $10,854.